1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMAZON.COM, INC., a Delaware corporation,
AMAZON.COM SERVICES LLC, a Delaware
limited liability company, and AMAZON
TECHNOLOGIES, INC., a Nevada corporation,

         Plaintiffs,

    v.

Does 1-20, unknown parties doing business as
"REKK," and the following individuals: Oscar
Pineda, Janiyah Alford, Noah Page, Skylar
Robinson, William Walsh, Luke Colvin,
Alejandro Taveras, Andrew Ling, Brandon
Sukhram, Charalampos Gkatzoulas, Cosmin
Sopca, Dylan Hinz, Eric Niezabytowski, Graham
Ferguson, Ivona Brazovskaja, James Garofalo,
Jenny Tran, Johanes Kessel, Jorge Correa, Josh
Davis, Karcper Niepogoda, Olaf Booij, Ryan
Bates, Sai Charan Beeravelli, Simone Antonio
Figura, Zachary Iguelmamene, and Zoha Ahmed,

         Defendants.

No.

**COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF**

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 1

## I.   INTRODUCTION

1.   Amazon brings this case against an international fraud organization called REKK, which is responsible for stealing millions of dollars of products from Amazon's online stores through systematic refund abuse.  Through this lawsuit, Amazon aims to expose Defendants' conspiracy and hold them accountable for their fraudulent activity.

2.   Protecting customers and earning the trust of selling partners are core values at Amazon.  Retail theft is a persistent problem that plagues online and physical retailers alike.  One form of retail theft involves systematic refund fraud, which undermines Amazon's ability to efficiently serve customers and selling partners.  Customers who shop in Amazon's online stores should be delighted with their purchases, and if they are not, they should be able to easily return the product.  Amazon has built one of the most trusted brands in the world, in part based on its highly trusted customer service and refund process.  Sophisticated fraudsters—like Defendants— exploit the refund process for their own financial gain.  Their activity leaves retailers and honest consumers to bear the brunt of increased costs, decreased inventory, and poor return experiences.

3.   Defendants are individuals from around the world who operate under the name "REKK."  REKK is one of the largest organizations in an underground industry that offers fraudulent refunds to users.  Among other places, REKK operates a Telegram channel that has over 30,000 followers, where they brazenly advertise refund services that they fully admit are fraudulent.  In this scheme, bad actors who want a free product (like an iPad) pay REKK a fee (such as 30% of the product's cost) to obtain a fraudulent refund.  REKK uses sophisticated methods to obtain the refund, including socially engineering Amazon customer service, phishing Amazon employees, manipulating Amazon's systems through unauthorized access, and bribing Amazon insiders to grant refunds.  The Defendants' scheme tricks Amazon into processing refunds for products that are never returned; instead of returning the products as promised, Defendants keep the product *and* the refund.  REKK boasts that the organization has fraudulently refunded over 100,000 orders from retailers (not just Amazon).  Defendants in this case include REKK's operators, certain egregious REKK users, and former Amazon employees REKK bribed

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1    to facilitate refunds.  Together, they conspired to defraud Amazon and should be held to account

2    for the significant harm caused to retailers and consumers.

3                                      II.       PARTIES

4            A.  **Amazon Plaintiffs**

5            4.       Amazon.com, Inc., is a Delaware corporation with its principal place of business

6    in Seattle, Washington.

7            5.       Amazon.com Services LLC is a Delaware company with its principal place of

8    business in Seattle, Washington.  Amazon.com Services LLC is the successor to Amazon.com

9    Services, Inc.

10           6.       Amazon Technologies, Inc., is a Nevada corporation with its principal place of

11   business in Seattle, Washington.

12           B.       **Defendants**

13           7.       Defendants are known and unknown parties who conspired and operated in

14   concert with each other to engage in the refund fraud scheme detailed in this Complaint.

15   Defendants are subject to liability for their wrongful conduct both directly and under principles

16   of secondary liability including, without limitation, respondeat superior, vicarious liability,

17   and/or contributory infringement.

18           8.       Defendants fall into three categories:  (1) currently unknown parties who operated

19   REKK, a refund fraud service provider (collectively, "REKK Operator Defendants"); (2) known

20   individuals who engaged with REKK's fraud service to obtain refunds for products (collectively,

21   "REKK User Defendants"); and (3) corrupt Amazon insiders—former employees who facilitated

22   the refunds in exchange for bribes paid by REKK (collectively, "Amazon Insider Defendants").

23                    **(1)       REKK Operator Defendants**

24           9.       Defendants Does 1-20 are individuals and/or entities working in active concert

25   with each other to operate a refund fraud service provider doing business as REKK.  The

26   identities of the REKK Operator Defendants are presently unknown to Amazon.  The REKK

27   Operator Defendants advertise their services and conduct the fraudulent scheme through

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1  numerous methods, including the Telegram accounts "@refundingclub," "@rekks,"

2  "@rekksupport," and "@rekkvouches."  While operating under the name REKK, they have

3  taken deliberate steps to conceal their true identities.

4             **(2)**    **REKK User Defendants**

5        10.     Andrew Ling is an individual, who, on information and belief, resides in New

6  York.

7        11.     Brandon Sukhram is an individual, who, on information and belief, resides in

8  New York.

9        12.     Charalampos Gkatzoulas is an individual, who, on information and belief, resides

10  in Greece.

11        13.     Cosmin Sopca is an individual, who, on information and belief, resides in

12  England.

13        14.     Dylan Hinz is an individual, who, on information and belief, resides in Ohio.

14        15.     Eric Niezabytowski is an individual, who, on information and belief, resides in

15  Michigan.

16        16.     Graham Ferguson is an individual, who, on information and belief, resides in

17  South Dakota.

18        17.     Ivona Brazovskaja is an individual, who, on information and belief, resides in

19  Lithuania.

20        18.     James Garofalo is an individual, who, on information and belief, resides in New

21  Jersey.

22        19.     Jenny Tran is an individual, who, on information and belief, resides in England.

23        20.     Johanes Kessel is an individual, who, on information and belief, resides in the

24  Netherlands.

25        21.     Jorge Correa is an individual, who, on information and belief, resides in

26  Pennsylvania.

27        22.     Josh Davis is an individual, who, on information and belief, resides in New York.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 4

23.     Karcper Niepogoda is an individual, who, on information and belief, resides in the Netherlands.

24.     Olaf Booij is an individual, who, on information and belief, resides in the Netherlands.

25.     Ryan Bates is an individual, who, on information and belief, resides in Canada.

26.     Sai Charan Beeravelli is an individual, who, on information and belief, resides in Texas.

27.     Simone Antonio Figura is an individual, who, on information and belief, resides in England.

28.     Zachary Iguelmamene is an individual, who, on information and belief, resides in California.

29.     Zoha Ahmed is an individual, who, on information and belief, resides in Canada.

**(3)     Amazon Insider Defendants**

30.     Oscar Pineda is an individual, who, on information and belief, resides in Oregon.

31.     Janiyah Alford is an individual, who, on information and belief, resides in Tennessee.

32.     Noah Page is an individual, who, on information and belief, resides in Tennessee.

33.     Skylar Robinson is an individual, who, on information and belief, resides in Kentucky.

34.     William Walsh is an individual, who, on information and belief, resides in Maryland.

35.     Luke Colvin is an individual, who, on information and belief, resides in Tennessee.

36.     Alejandro Taveras is an individual, who, on information and belief, resides in New Jersey.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

### III.   JURISDICTION

37.    The Court has subject matter jurisdiction over Amazon's federal claims for trademark infringement (15 U.S.C. § 1114), and violations of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), under 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a).

38.    The Court has ancillary subject matter jurisdiction over Amazon's common law claims for fraudulent misrepresentation, negligent misrepresentation, conversion, unjust enrichment, breach of contract, and civil conspiracy because they are substantially related to the federal claims.

39.    The Court also has diversity jurisdiction over Amazon's claims against the Defendants under 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000 and is between citizens of different states.

40.    The REKK Operator Defendants and REKK User Defendants have consented to the exclusive jurisdiction of this Court by agreeing to the Amazon Conditions of Use ("COU"),[1] which provides that any dispute or claim relating in any way to accessing or shopping at Amazon.com will be adjudicated in the state or federal courts in King County, Washington.

41.    The Court has personal jurisdiction over the Defendants because they each transacted business and committed tortious acts within and directed to this District at all times material to the allegations herein.  Amazon's claims arise from those activities and Defendants harmed Amazon, which resides in this District.  The REKK Operator Defendants and REKK User Defendants affirmatively undertook to do business with Amazon, and the principal place of business for Amazon.com, Inc., Amazon.com Services LLC, and Amazon Technologies, Inc., is in Seattle, Washington.  The REKK Operator Defendants and the REKK User Defendants established a binding and enforceable contract with Amazon.com Services LLC by consenting to Amazon's COU.  Further, the REKK Operator Defendants, by accessing the REKK User Defendants' Amazon accounts as part of the scheme, also established a binding and enforceable

---

[1] Available at https://www.amazon.com/gp/help/customer/display.html?nodeId=GLSBYFE9MGKKQXXM.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

contract with Amazon.com Services LLC.  The Amazon Insider Defendants are employed by Amazon.com Services LLC, which has its principal place of business in Seattle, Washington.

42.     The Court also has personal jurisdiction over the Defendants under 18 U.S.C. § 1965(b) because the Defendants have sufficient minimum contacts with the United States and Amazon's claims arise from those contacts.

43.     Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in the District.  Venue is also proper in this Court because the REKK User Defendants and REKK Operator Defendants consented to it under the COU.

44.     Intra-district assignment to the Seattle Division is proper because the claims arose in this Division, where (a) Amazon resides, (b) injuries giving rise to suit occurred, and (c) Defendants directed their unlawful conduct.  *See* Local Civil Rule 3(e).

### IV.     FACTS

#### A.     Amazon Product Returns

45.     Amazon is a highly trusted brand enjoyed by customers around the world as a store for products and services.  One of Amazon's most popular features is its user-friendly order and return policies.

46.     Amazon fulfills customer orders by retrieving the product from its source location (such as an Amazon fulfillment center) and shipping the product to the customer's location using Amazon's own shipping services, the U.S. Postal Service ("USPS"), or a common carrier (e.g., UPS, FedEx, DHL, etc.).

47.     Customers can initiate a product return to Amazon by contacting Amazon through a variety of methods, including on Amazon's mobile app, emailing, conducting an online chat session, completing an online form, or calling customer service.  Once a return request is processed, customers receive a shipping label to send the product back to Amazon.  Refunds are generally credited to the payment method (typically a credit or debit card) connected to the

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 7

customers' accounts.  If a customer fails to return the product, Amazon may refuse to grant a refund or rebill the customer for the product.

48.     In addition to obtaining a refund through a product return, Amazon allows customers to request a refund for products that are not delivered, or arrive damaged, inoperable, or deficient in some other way.  If the refund request is granted by Amazon, the order amount is credited back to the customer using the payment method associated with the customer's account.

49.     There is no fee to obtain a refund from Amazon and Amazon offers robust customer support to aid in the refund process.

**B.     Refund Fraud as a Service**

50.     Genuine refunds are a standard and expected component of the retail industry. Amazon customers should be delighted with their purchases, and they should have the ability to easily return a product if they are not.

51.     Unfortunately, fraudsters exploit the refund process for their own financial gain to the detriment of honest consumers and retailers who must bear the brunt of increased costs, decreased inventory, and service disruption that impacts genuine customers.  Refund fraud affects the entire retail industry, including physical and online retailers alike.

52.     Some fraudsters—like Defendants—have created organized operations to systematically defraud retailers at scale.  These operations, such as REKK, have created illegitimate "businesses" offering fraudulent refunds to individuals around the world who are knowingly engaging with and participating in the fraud in order to receive expensive electronics and other products for free.  These fraudulent schemes operate as an underground industry that enables a multitude of bad actors to conspire to take part in (and benefit from) sophisticated fraudulent activity.

53.     These organized refund fraudsters brazenly advertise their services across numerous forums and social media channels—competing against each other to partner with other bad actors to grow their organization.  Among other tactics, they post user testimonials on messaging channels demonstrating the success of the operation.  These user testimonial posts are

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 8

referred to as "vouches."  The following is a sample vouch bragging about a $19,000 Amazon

theft posted on REKK's channel:



C.      **Amazon's Efforts to Stop Fraudulent Refund Schemes**

54.      Amazon has taken considerable measures to combat organized theft, fraud, and

abuse—including return fraud.  In 2022 alone, Amazon spent $1.2 billion and employed over

15,000 people to fight theft, fraud, and abuse across its stores.  Amazon uses sophisticated

machine learning ("ML") models to proactively detect and prevent fraud.  It also employs

investigators to manually review activity to prevent fraud.  When fraud is detected, Amazon

takes a variety of measures to stop the activity, including warning customers against continued

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 9

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

activity, closing accounts, and preventing customers who engaged in refund fraud from opening new accounts.

55.     Further, Amazon has specialized teams that detect, investigate, and stop the most egregious fraud driving increased costs and disruption to services for genuine customers.  These teams work around the world to aggregate fraud activity and attribute the activity to specific criminals.  This work feeds direct action against the bad actors.

56.     Amazon's Customer Protection & Enforcement team ("CPE") works to combat external threats that harm customers, partners, and Amazon.  Comprised of attorneys, former prosecutors, and expert analysts, CPE investigates and stops organized crime schemes affecting customers, partners, and Amazon—including refund fraud like this case.  CPE takes direct legal action against the bad actors responsible for the harm, including working with law enforcement around the world to hold the bad actors accountable.

57.     As part of its efforts to combat refund fraud, CPE has taken direct action and supported law enforcement action against the bad actors responsible for numerous refund fraud schemes, resulting in arrests as well as criminal and civil damages.  Amazon continues to investigate and take action against refund fraud schemes—like the one Defendants operate.

**D.     The REKK Operator Defendants' Role in the Fraudulent Scheme**

58.     REKK targets Amazon's online stores in the United States, Canada, and Europe. Among other places, the REKK Operator Defendants use the Telegram accounts "@refundingclub," "@rekks," "@rekksupport," and "@rekkvouches" to advertise their services and interact with people seeking to obtain fraudulent refunds from Amazon.  The REKK Operator Defendants also advertise their services and interact with people seeking fraudulent refunds on Nulled (under username "rekk"), Reddit (under username "rekksalt" and subreddit "r/REKKRefundService"), and Discord (under username "rekk#5319").

59.     REKK's primary Telegram channel, "@refundingclub," advertises its page as "REKK Refund Service" and had 35,644 subscribers as of December 5, 2023.  The channel was

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1   created on November 14, 2019, and started advertising its services in January 2021.  The

2   following is a screenshot of the channel information:



Channel Info                                        ×

REKK Refund Servic...
35,644 subscribers

60.    The channel has several "pinned" posts, which allow new users to obtain general

information about what services REKK offers.  The following is a pinned post in which REKK

advertises its "many years" of service, acknowledges that its services are illegal, and promises to

reduce the risk to its users to "0":

REKK Refund Service 🌐
REKK refunding services has been successfully providing refund
services to its customers for many years and ensures maximum
security and anonymity.

■ Only I, @rekks have access to customer data (even my support
does not have access to your personal information).

■ I do not offer risky stores or anything that could put our
customer at risk. I am are here for long term cooperation.

■ All information is fully encrypted & upon payment of a service
fee it is completely removed without the possibility of recovering it.

Choose a refunder responsibly as it is not legal,  but I can personally
say from myself that I reduce the risk for my clients to 0.

👍 22    🔪 6    🖤 2                          👁 84.6K  edited 5:07 PM

61.    REKK's Nulled account also describes the services REKK offers.  The following

are two posts in which REKK advertises completing over "100k+ orders," servicing "33000+

customers," offering "worldwide refunds," and earning a "profit" from a "very wide selection of

stores" and boasting they are "the strongest in our field."

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 11

1



2

3

4

5

6

7

8

9

10

11

12    62.    REKK's subreddit "REKKRefundService" similarly describes the services that

13  REKK offers and explains in a detailed question-and-answer format how REKK operates.  The

14  following are posts in which REKK advertises that "[t]he REKK Refunding Service uses

15  methods that guarantee your money will be refunded to you every single time," REKK has a

16  "large user list of over +33,000 Customers," and also has "over +100,000 orders, and over

17  +10,000 vouches on [REKK's] telegram group."  REKK clearly describes to prospective users

18  what their service offers: "refunding is when you buy a product and then trick the company into

19  thinking you have returned the product."

20        [screenshots on the following page]

21

22

23

24

25

26

27

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 12

r/REKKRefundService • 20 days ago
by rekksalt                                                    **Join**  ...

🌐 🌐 The Best And Only Refunding Service
You'll Ever Need 🌐 🌐

Refunding as a service is something that's been around for years.

let me just tell you right now exactly what you want to know: It **IS** real and it **DOES** work. However, I've
seen quite a few scammers on sites like Reddit selling their "*services.*" These people charge money up
front and run away with your hard earned cash, leaving you poor.

I do **not** do this. I provide the service first and **THEN** ask for payment.

To prove to you I am legit, I'm going to explain a few popular methods that have been used in the past as
well as why these methods no longer work. There are still some scammers out there who claim that these
methods do work, but there is a very high amount of risk. Risks such as being rebilled, your account(s)
being flagged, your account(s) being deleted, or in the worst case scenario, legal issues.

---

**Q:** What Is The Rekk Refunding Service?

**A:** To put it simply, refunding is when you buy a product and then trick the company into thinking you have
returned the product. Whether you trick the company into thinking you did not receive the item, complain
the item is broken or pretend you did send it back, these are all methods people use to refund. However,
their success rate has gone down a lot in recent years. Especially after the Covid pandemic when more and
more people began to order online. The Rekk Refunding Service uses methods that guarantee your money
will be refunded to you every single time. Check the telegram for which stores are currently available.

**Q:** Does It Work?

**A:** My services guarantee zero risk to the customer. If you don't believe me, you can join my telegram and
view the countless vouches I have from satisfactory customers.

**Q:** Will I Be Safe?

**A:** Yes. If my services were unsafe, I would not have such a large client list of over +33,000 Customers, over
+100,000 orders, and over +10,000 vouches on my telegram group. Be sure to let me know you came from
Reddit :)

63.     Another pinned post on REKK's Telegram channel links to REKK's "store list,"

which provides instructions on REKK's refunding service, its fee (the minimum order fee is

$100) and instructs customers to contact REKK before placing an order.  REKK even provides

prospective customers a list of the stores it targets for refund fraud and other details about its

fraud service, with the portion relevant to Amazon in the below screenshot:

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 13

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

## Amazon stores 🔥

| Stores | Limits | Items | Timeframe ( days ) | Fee | Country ( WW = Worldwide ) | Notes |
|---|---|---|---|---|---|---|
| Amazon.com | $10000 | 5 | 3 to 10 | 30% | WW | Items must be shipped by Amazon. |
| Amazon.ca | $20000 | 10 | 3 to 10 | 30% | WW | Items must be shipped by Amazon. |
| Amazon.com.au | $20000 | 10 | 3 to 10 | 30% | WW | Items must be shipped by Amazon. |
| Amazon.co.uk | $10000 | 5 | 2 to 5 | 30% | WW | Items must be shipped by Amazon. |
| Amazon.ae | $5000 | 5 | 2 to 5 | 35% | WW | Items must be shipped by Amazon. |
| Amazon.de | €10000 | 5 | 3 to 10 | 35% | WW | Items must be shipped by Amazon. |
| Amazon.es | €10000 | 5 | 30 | 30% | ES | Items must be shipped by Amazon. |
| Amazon.it | €5000 | 5 | 30 | 30% | IT | Items must be shipped by Amazon. |
| Amazon.se | €2000 | 5 | 30 | 30% | SE | Items must be shipped by Amazon. |
| Amazon.nl | €2000 | 2 | 5-14 | 35% | NL & BE | Items must be shipped by Amazon. |
| Amazon.com.be | €2000 | 2 | 3-7 | 35% | BE | Items must be shipped by Amazon. |

64.     Amazon is one of REKK's targeted retailers.  REKK advertises that it provides "fast refunds" if certain criteria for an Amazon order are met.  REKK also prominently features Amazon's trademarks, drawing attention and initial interest from Amazon customers.  The following are partial screenshots of three different posts on the REKK Refunding Service channel about Amazon returns, each depicting Amazon trademarks without authorization:

[screenshots on the following pages]

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 14

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27



**REKK Refund Service**

**AMAZON domains:**

• AMAZON.COM *( SHIPPED USA & WW )* - $15K, up to 5 items, 3-14 business days.

• AMAZON.CA - $20K, up to 10 items, 3-14 business days.

• AMAZON.IT *( SHIPPED IT )* - 7K€, up to 10 items, 20 business days.

• AMAZON.SE - 5K€, up to 5 items, 20 business days.

• AMAZON.FR - 5K€, up to 5 items, 20 business days.

• AMAZON.COM.AU - $20K, up to 10 items, 2-5 business days.

**Service fee for domains above: 30% any crypto currency. ( PayPal + 5%. )**

• AMAZON.CO.UK *( SHIPPED UK & WW )* - 10K€, up to 10 items, 2-8 business days.

• AMAZON.ES *( SHIPPED ES & WW )* - 5K€, up to 10 items, 3-14 business days.

• AMAZON.DE *( SHIPPED DE & WW )* - 1.5K€, up to 2 items, 3-5 business days.

• AMAZON.NL - 1K€, up to 2 items, 3-14 business days.

• AMAZON.COM.BE - 3K€, up to 5 items, 20 business days.

• AMAZON.AE - 10K€, up to 2 items, 5-14 business days.

**Service fee for domains above: 35% any crypto currency. ( PayPal + 5%. )**

 108   👍 22   🔥 12   😆 11   🤮 3   🐥 2   🐿 2

👁 57.7K  edited 12:42 PM

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 15

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27



---

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

---

² This post has since been removed from the channel.

65.    REKK capitalizes on Amazon's reputation and goodwill by using Amazon's trademarks to help generate initial interest in REKK's refund fraud services.  Amazon customers may be drawn to REKK's channels under the initial impression that REKK offers legitimate return services, which are detailed directly underneath Amazon's logo.  As Amazon customers continue navigating REKK's channels, however, the illegal nature of its services become more apparent, and REKK benefits from the attention raised by the use of Amazon's trademarks.

66.    REKK charges its users a 30 or 35% fee for Amazon refunds, and an additional 5% fee if the user pays via PayPal.

67.    REKK's users begin by placing an order directly from a retailer, like Amazon. Once an order is placed, REKK users are directed to complete a "service form" located at URL https://docs.google.com/forms/d/e/1FAIpQLScONJZGAWL5FaJZ-0hunEy58YQTR8E9WmKl Umbd1vs4hI_Ecw/viewform.  The following is a partial screenshot of the service form:



68.    Users provide REKK the following information on the service form: Telegram username, store, whether users want to pay by Bitcoin or via PayPal, the total order amount, the customer's name, email address, billing, and shipping address on the account used to place the order, the tracking number and carrier that delivered the order, the payment method, and any other information the customer chooses to share, as shown below:

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 17

69.    Once REKK is engaged, REKK contacts users to arrange for 50 percent of the service fee to be paid in advance.  REKK then employs one of the following fraudulent measures to obtain refunds for their users:

a.    **Social engineering**: Users provide their Amazon login credentials to REKK, and REKK then contacts Amazon customer service posing as the user.  REKK provides false information to manipulate the customer service associate to grant their users a refund.

b.    **Amazon systems manipulation:** REKK has gained unauthorized access to Amazon's systems used in the genuine workflow to return and refund products.  Among other tactics, REKK has sent (or caused to be sent) phishing messages to Amazon employees to obtain Amazon credentials.  Through this unlawful access, REKK has processed fraudulent refunds.

c.    **Insider bribery**: REKK identifies and recruits Amazon employees responsible for approving genuine returns.  REKK then bribes these employees to falsely approve unreturned orders as returned.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 18

d.   **Materially different returns**: REKK requests refunds for products and REKK or its users return packages to Amazon that are empty or contain low value items different than the original product for which the users were issued refunds.  These fake returns are designed to deceive Amazon's systems into believing the Defendants returned the correct item.

70.      In employing the various fraud schemes detailed in the preceding paragraph, the REKK Operator Defendants act in concert with the REKK User Defendants and the Amazon Insider Defendants to circumvent Amazon's controls to prevent refund fraud.  Defendants' scheme has caused Amazon to provide millions of dollars in refunds for products that are not returned.  Amazon has also incurred significant customer support costs to process the fraudulent refunds in an amount to be determined and substantial expenses in excess of $75,000 to investigate Defendants' fraudulent activities.

**E.      Amazon Verification of REKK's Fraudulent Services**

71.      An investigator working for Amazon's outside counsel placed an order on Amazon.com for a 2021 Apple 12.9-inch iPad Pro (Wi-Fi 2 B) – Space Gray to be shipped to an address in the U.S.

72.      Amazon charged the investigator $2,066.99, including fees and taxes, and provided the investigator with an order number and UPS tracking number.

73.      Soon after, the investigator navigated to REKK's Telegram channel (@refundingclub) and completed REKK's service request form, which included providing REKK with the order, tracking number, and a brief statement that the product had not yet been received.

74.      Through Telegram, REKK responded stating that the fees were "25% BTC 30% PP So half 15% if PayPal upfront $309."  The investigator paid $309 to REKK via PayPal and received a confirmation from PayPal that the payment went to an account registered to the email address terrykase2433@gmail.com.  A partial screenshot is provided below:

[partial screenshot on the following page]

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 19

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1

2

3

4

5

6

7



8

9    75.    The investigator received further information from PayPal's "transaction details"

10   description for the transaction.  The description showed that the payment went to an account

11   using the name "Merla Mullenberg."

12   76.    After payment, REKK stated that the refund would be issued in 48 to 72 hours.

13   The investigator then noted that Amazon.com had issued a refund in the amount of $2,066.99

14   and provided a statement "Return in transit."  A partial screenshot of the investigator's Amazon

15   account is provided below:

16

17

18

19

20   77.    Amazon reviewed the shipment tracking data associated with the investigator's

21   Amazon order ID and the UPS tracking number.  The UPS tracking data showed indications of

22   manipulation.  The UPS data indicated that the package was being returned to sender because a

23   customer in Roswell, Georgia, had refused delivery of the package—even though the package

24   was never in Georgia and the investigator never refused delivery.  After Amazon had issued a

25   refund for the purportedly undeliverable package, the investigator received the package at the

26

27

1    intended address, and UPS shipping data was updated to reflect the delivery.  The shipment

2    tracking data is provided below:

| Date | Time | Location | Event Details |
|---|---|---|---|
| Tuesday, June 7 | 10:33 AM | Meridian ID US | Package delivered. |
| Tuesday, June 7 | 8:32 AM | Meridian ID US | Package is out for delivery. |
| Sunday, June 5 | 9:42 AM | Roswell GA US | Customer refused delivery. |
| Sunday, June 5 | 9:42 AM | Roswell GA US | Package is returning to seller because recipient did not accept it. |
| Sunday, June 5 | 9:42 AM | Roswell GA US | Delivery refused by the customer and the package is being held by the carrier.  Please contact the carrier if you would still like to receive this package, otherwise it will be returned to Amazon. |
| Saturday, June 4 | 7:22 AM | Boise ID US | Package arrived at a carrier facility. |
| Saturday, June 4 | 5:23 AM | Cedar Rapids IA US | Package left the carrier facility. |
| Saturday, June 4 | 4:37 AM | Cedar Rapids IA US | Package arrived at a carrier facility. |
| Saturday, June 4 | 4:23 AM | Louisville KY US | Package left the carrier facility. |
| Friday, June 3 | 11:05 AM | Louisville KY US | Package arrived at a carrier facility. |
| Friday, June 3 | 1:00 AM | Greensboro NC US | Package left the carrier facility. |
| Thursday, June 2 | 6:24 PM | Greensboro NC US | Package arrived at a carrier facility. |
| Thursday, June 2 | 4:00 PM | Raleigh NC US | Package left the carrier facility. |
| Thursday, June 2 | 12:07 PM | Raleigh NC US | Package arrived at a carrier facility. |
| Thursday, June 2 | 11:45 AM | Garner NC US | Package left the carrier facility. |
| Thursday, June 2 | 9:05 AM | Garner NC US | Package arrived at a carrier facility. |
| Thursday, June 2 | | --- | Carrier picked up the package. |

16        78.    REKK provided the investigator with the following "BTCPay" URL to complete

17    his remaining payment via Bitcoin:  https://hermespay.org/payment-requests/9b10f6c6-b738-

18    4a23-bab4-6f34652fdb6b.  The page showed a payment request for $516.00 and username

19    @cptam00.  When the investigator clicked the "pay invoice" button that appeared on the

20    website, he was directed to BTCPay.  The BTCPay page provided the name "refund.one" for

21    REKK and displayed wallet address bc1qgvn42wsxdxue3e7kdzklqy25zvyq5a5qx4yqq6.  The

22    investigator completed payment of 0.01706717 BTC to the listed wallet address.  Five days later,

23    the wallet subsequently sent the payment of 0.01706717 BTC to another wallet address:

24    1HoAnAjC7WuXtAVCajBh4jQVVJwaiDRGt.

25        79.    Following payment, REKK asked the investigator to provide a "vouch" for the

26    Amazon refund on a Nulled discussion page, URL https://www.nulled.to/topic/921203-rekks-

27

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

refunds-100k-orders-completed-20000-customers-10000-vouches-group-telegram-group-
100000-limits-worldwide-refunds/page-1.

**F.     The REKK User Defendants' Role in the Fraudulent Scheme**

80.     Each of the twenty known REKK User Defendants played a critical role in conspiring to defraud Amazon.  Each Defendant sought out REKK based on its extensive web presence promoting its fraudulent conduct, engaged and conspired with REKK for the purposes of obtaining one or more free products from Amazon, and then actively promoted REKK's success online to expand the scheme's reach.

81.     The REKK User Defendants each engaged in the following conduct in furtherance of their role in the fraudulent scheme:

      a.   They each subscribe to or monitor REKK's online presence, including the REKK Telegram channel, and therefore, each saw REKK's clear statements that it was engaged in a fraudulent refund scheme.

      b.   They each placed one or more orders from Amazon for products with the intent to commit refund fraud using REKK's refund fraud services.

      c.   Conspiring with REKK, they requested and received refunds from Amazon for those products using one of REKK's fraudulent methods described above. Specific examples of each Defendant's fraudulent activity in connection with REKK is detailed in Exhibit A to this Complaint and incorporated within the allegations of this Complaint.

      d.   They each also obtained other fraudulent concessions from Amazon without the assistance of REKK.  Each fraudulent concession was obtained through material misstatements or omissions to Amazon that resulted in each Defendant obtaining free products from Amazon.

      e.   They each agreed to the Amazon COU which provides that anyone shopping at Amazon (1) may not misuse the Amazon Services; (2) may use those services

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 22

"only as permitted by law;" and (3) agrees to accept responsibility for all activities that occur under their account or password.

    f.    They each provided one or more vouches for REKK's fraudulent refund service that REKK used to solicit new members to join the conspiracy to expand its fraudulent activity.

82.    As an example, Defendant Andrew Ling placed an Amazon order for five Apple iPads, causing the products to be shipped via Amazon Logistics.  After receiving the products, Ling engaged REKK to receive a fraudulent refund of the products.  REKK then used a phishing attack against an Amazon fulfillment center associate to manipulate Amazon's systems to show that all five of Ling's iPads were returned (when none were).  As a result, Ling and REKK stole five iPads and REKK received hundreds of dollars for facilitating the fraud.

83.    As another example, Defendant Jenny Tran placed an Amazon order for two Apple MacBook Air laptops over the internet, causing the products to be shipped via Amazon Logistics.  After receiving the products, Jenny Tran engaged REKK to receive a fraudulent refund of the products.  REKK and Tran falsely claimed that the products were never received, and they even provided a falsified police report to show that the product was not received.  As a result, Tran and REKK stole two MacBook laptops and REKK received hundreds of dollars for facilitating the fraud.

**G.**    **The Amazon Insider Defendants' Role in the Fraudulent Scheme**

84.    REKK identifies and recruits Amazon employees to join its scheme.  REKK recruits these insiders on Reddit, LinkedIn, or directly on its Telegram channel.  The following is a post from the Telegram channel recruiting Amazon insiders:

[partial screenshot on the following page]

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax



85.     As set forth in the Parties section above, the Amazon Insider Defendants consist of the following seven individuals: Oscar Pineda, Janiyah Alford, Noah Page, William Walsh, Luke Colvin, Skylar Robinson, and Alejandro Taveras.  The Amazon Insider Defendants were formerly Amazon employees responsible for approving product returns.  Each worked in Amazon's operations organization, which is responsible for handling product returns.  Together, the seven Amazon Insider Defendants provided over $500,000 worth of fraudulent returns to REKK and its users.

86.     The Amazon Insider Defendants—in exchange for payments—conspired and acted in concert with the REKK Operator Defendants to approve fraudulent product returns. Detailed allegations as to the conduct of each Amazon Insider Defendant are contained in Exhibit B and incorporated within the allegations of this Complaint.

---

[3] This post has since been removed from the channel.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 24

1    87.    As an example, Janiyah Alford began her employment with Amazon as a

2    fulfillment center associate in Chattanooga, Tennessee in January 2023.  REKK recruited Alford

3    to facilitate returns fraud and Alford agreed to approve customer returns for products that were

4    not in fact returned.  The following are partial screenshots of two of Alford's SMS conversations

5    with REKK:



24   Between February and May 2023, Alford fraudulently approved product returns for 76 orders at

25   REKK's request, causing Amazon to refund over $100,000 to REKK users.  REKK paid Alford

26   a total of $3,500 for her participation in the fraudulent scheme.  One such order that Alford

27   fraudulently approved as returned was that of REKK User Defendant, Zoha Ahmed.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

88.     As another example, Noah Page began his employment with Amazon as a fulfillment center associate in Chattanooga, Tennessee in January 2023.  REKK recruited Page to facilitate returns fraud and Page agreed to approve customer returns for products that were not in fact returned.  Below is a screenshot of the initial exchange between REKK and Page:



In April 2023, Page fraudulently approved product returns for 56 orders, causing Amazon to refund over $75,000 to REKK users.  On information and belief, REKK paid Page more than $5,000 for his participation in the fraudulent scheme.

**H.      Amazon's Intellectual Property**

89.     Amazon exclusively owns numerous U.S. trademark registrations and pending applications.  These trademarks are a critical component of consumers' ability to readily identify Amazon products and services—including genuine product return and refund services.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1       90.    The following trademarks and service marks (collectively "Amazon Trademarks")

2  were unlawfully used to further Defendants' scheme:

| Mark | Registration No. (International Classes) |
|---|---|
| AMAZON | 2,657,226 (Int. Cl. 42)<br>2,738,837 (Int. Cl. 38)<br>2,738,838 (Int. Cl. 39)<br>2,832,943 (Int. Cl. 35)<br>2,857,590 (Int. Cl. 9)<br>3,868,195 (Int. Cl. 45)<br>4,171,964 (Int. Cl. 9)<br>4,533,716 (Int. Cl. 2)<br>4,656,529 (Int. Cl. 18)<br>4,907,371 (Int. Cls. 35, 41, 42)<br>5,102,687 (Int. Cl. 18)<br>5,281,455 (Int. Cl. 36) |
| AMAZON.COM | 2,078,496 (Int. Cl. 42)<br>2,167,345 (Int. Cl. 35)<br>2,559,936 (Int. Cls. 35, 36, 42)<br>2,633,281 (Int. Cl. 38)<br>2,837,138 (Int. Cl. 35)<br>2,903,561 (Int. Cls. 18, 28)<br>3,411,872 (Int. Cl. 36)<br>4,608,470 (Int. Cl. 45) |
| amazon | 4,171,965 (Int. Cl. 9)<br>5,038,752 (Int. Cl. 25) |
| a | 4067393 (Int. Cl. 38)<br>3904646 (Int. Cl. 35)<br>3911425 (Int. Cl. 45)<br>5100558 (Int. Cl. 39)<br>4,969,037 (Int. Cl. 40)<br>5129530 (Int. Cl. 9)<br>6178565 (Int. Cls. 16, 36, 41, 42) |

       91.    The Amazon Trademarks have been used exclusively and continuously by

Amazon and have never been abandoned.  The above U.S. registrations for the Amazon

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1   Trademarks are valid, subsisting, in full force and effect, and many are incontestable pursuant to

2   15 U.S.C. § 1065.  The registrations for the Amazon Trademarks constitute prima facie evidence

3   of their validity and of Amazon's exclusive right to use the Amazon Trademarks pursuant to

4   15 U.S.C. § 1057(b).

5                           **V.      CAUSES OF ACTION**

6                           **FIRST CAUSE OF ACTION**

7                               **Civil Conspiracy**

8                            **(Against All Defendants)**

9        92.     Amazon incorporates by reference the factual allegations contained in Sections I–

10   IV as though set forth herein.

11       93.     The REKK Operator Defendants, REKK User Defendants, and Amazon Insider

12   Defendants entered into an agreement to deprive and did deprive Amazon through the

13   exploitation of Amazon's return services, with the intent to injure Amazon and its business.

14       94.     The REKK User Defendants agreed to engage in the fraudulent refund scheme

15   orchestrated by the REKK Operator Defendants and the Amazon Insider Defendants when they

16   completed the "service form" hosted on REKK's Telegram channel.

17       95.     On information and belief, the REKK User Defendants were aware of each

18   other's involvement through shared participation in the same Telegram channels and through

19   awareness from the vouches posted in the Telegram channels.

20       96.     The REKK User Defendants helped to further the fraudulent refund scheme by

21   sharing information regarding successful fraudulent refunds through vouches posted to the

22   Telegram channels, which were available to other users.  The REKK User Defendants also

23   furthered the fraudulent refund scheme by agreeing to share a portion of the fraudulent refunds

24   with the REKK Operator Defendants, thereby funding the fraudulent refund scheme.

25       97.     The Amazon Insider Defendants agreed to engage in the fraudulent refund

26   scheme by: (1) engaging with the REKK Operator Defendants and agreeing to accept payment in

27

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 28

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

exchange for approving fraudulent returns; (2) approving fraudulent returns for the REKK User Defendants; and (3) on information and belief, accepting payment from the REKK Operator Defendants.

98.     On information and belief, upon completing the "service form" and engaging with the REKK Operator Defendants and the Amazon Insider Defendants regarding the logistics behind the refunding scheme, the REKK User Defendants knew that the refund scheme was fraudulent and not a legitimate method of obtaining Amazon replacement products and refunds.

99.     On information and belief, upon engaging with the REKK Operator Defendants regarding the logistics behind the refunding scheme and accepting payment from the REKK Operator Defendants in exchange for approving fraudulent returns, the Amazon Insider Defendants knew that it was a fraudulent scheme.

100.    As a result of the REKK Operator Defendants, REKK User Defendants, and Amazon Insider Defendants' deception, Amazon approved fraudulent refunds, sent replacement products, and spent numerous resources through its customer support channels that it would not have otherwise.  If Amazon had known of the fraudulent activity carried out by the fraudulent scheme, Amazon would not have issued refunds, sent replacement products, or spent numerous resources through its customer support channels.  The REKK Operator Defendants, REKK User Defendants, and Amazon Insider Defendants have therefore been unjustly enriched and Amazon has suffered damage.

## SECOND CAUSE OF ACTION

### Fraudulent Misrepresentation

### (Against All Defendants)

101.    Amazon incorporates by reference the factual allegations contained in Sections I–IV as though set forth herein.

102.    Between at least June 1, 2022 and May 10, 2023 when working with the REKK User Defendants, REKK Operator Defendants made numerous false representations to Amazon,

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

including but not limited to:  (1) on information and belief, contacting Amazon fulfillment center employees posing as REKK User Defendants, Amazon HR personnel, or "Amazon Investigation"; (2) providing false statements to Amazon fulfillment center employees regarding product refunds or replacements, submitting false documentation claiming a product was never received, or falsely stating the user had not received the product ordered; (3) on information and belief, instructing REKK User Defendants to contact Amazon fulfillment center employees to provide false statements regarding product ordered; (4) on information and belief, manipulating shipping data to reflect false information regarding product delivery details; (5) on information and belief, sending phishing messages to Amazon employees to obtain Amazon credentials; and (6) instructing Amazon Insider Defendants to approve fraudulent returns.  The date, time, and manner of each of the REKK User Defendant's fraudulent returns and false representations are identified in Section IV.F and Exhibit A.  The date, time, and manner of Amazon Insider Defendants' fraudulent return approvals are identified in Exhibit B.

103.    Between at least June 1, 2022 and May 10, 2023, the REKK User Defendants made numerous false representations to Amazon, including but not limited to:  (1) on information and belief, providing false statements to Amazon Customer Service and Amazon fulfillment center employees regarding product refunds or replacements, such as claiming to not have received the product(s) ordered, received empty boxes, or submitting falsified police reports claiming the product(s) were never received; and (2) on information and belief, manipulating shipping data by refusing delivery of products for false reasons.  The date, time, and manner of each of the REKK User Defendants' fraudulent returns and false representations are identified in Exhibit A.

104.    Between at least June 1, 2022 and May 10, 2023, Amazon Insider Defendants made numerous false representations to Amazon, including but not limited to approving fraudulent returns.  The date, time, and manner of Amazon Insider Defendants' fraudulent return approvals are identified in Section IV.F and Exhibit B.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 30

105.    REKK Operator Defendants and Amazon Insider Defendants' representations to Amazon, as outlined in Section IV.F were material.

106.    Upon information and belief, REKK Operator Defendants and Amazon Insider Defendants' representations to Amazon, as outlined in Section IV.F and Exhibits A–B, were knowingly false, or made recklessly without knowledge of the truth of the statement.

107.    Upon information and belief, REKK Operator Defendants and Amazon Insider Defendants' representations were made in an effort to mislead Amazon to believe that Amazon customers were requesting valid returns and product replacement requests.  And upon information and belief, it was REKK Operator Defendants and Amazon Insider Defendants' intent that the misrepresentation should be acted upon by Amazon.

108.    Amazon reasonably and justifiably relied on REKK Operator Defendants and Amazon Insider Defendants' representations by processing REKK User Defendants' fraudulent refund requests, return requests, and product replacement requests.  Amazon did not know of the falsity of REKK Operator Defendants and Amazon Insider Defendants' representations.  Had REKK Operator Defendants and Amazon Insider Defendants informed Amazon that each refund request, return request, and product replacement request was fraudulent, Amazon would not have approved such requests.

109.    As a material and direct result of REKK Operator Defendants and Amazon Insider Defendants' representations, Amazon approved fraudulent refund requests, return requests, and product replacement requests, causing Amazon to suffer damages.

### THIRD CAUSE OF ACTION

**Negligent Misrepresentation**

**(Against All Defendants)**

110.    Amazon incorporates by reference the factual allegations contained in Sections I–IV as though set forth herein.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

111.   Between at least June 1, 2022 and May 10, 2023 when working with the REKK User Defendants, REKK Operator Defendants made numerous false representations to Amazon, including but not limited to:  (1) on information and belief, contacting Amazon fulfillment center employees posing as REKK User Defendants, Amazon HR personnel, or "Amazon Investigation"; (2) providing false statements to Amazon fulfillment center employees regarding product refunds or replacements, submitting false documentation claiming a product was never received, or falsely stating the user had not received the product ordered; (3) on information and belief, instructing REKK User Defendants to contact Amazon fulfillment center employees to provide false statements regarding product ordered; (4) on information and belief, manipulating shipping data to reflect false information regarding product delivery details; (5) on information and belief, sending phishing messages to Amazon employees to obtain Amazon credentials; and (6) instructing Amazon Insider Defendants to approve fraudulent returns.  The date, time, and manner of each of the REKK User Defendant's fraudulent returns and false representations are identified in Section IV.F and Exhibit A.  The date, time, and manner of Amazon Insider Defendants' fraudulent return approvals are identified in Exhibit B.

112.   Between at least June 1, 2022 and May 10, 2023, the REKK User Defendants made numerous false representations to Amazon, including but not limited to:  (1) on information and belief, providing false statements to Amazon Customer Service and Amazon fulfillment center employees regarding product refunds or replacements, such as claiming to not have received the product(s) ordered, received empty boxes, or submitting falsified police reports claiming the product(s) were never received; and (2) on information and belief, manipulating shipping data by refusing delivery of products for false reasons.  The date, time, and manner of each of the REKK User Defendants' fraudulent returns and false statements are identified in Exhibit A.

113.   Between at least June 1, 2022 and May 10, 2023, Amazon Insider Defendants made numerous false representations to Amazon, including but not limited to approving

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 32

1   fraudulent returns.  The date, time, and manner of Amazon Insider Defendants' fraudulent return

2   approvals are identified in Section IV.F and Exhibit B.

3       114.    REKK Operator Defendants and Amazon Insider Defendants' representations to

4   Amazon, as outlined in Section IV.F and Exhibits A–B, were material.

5       115.    Upon information and belief, REKK Operator Defendants and Amazon Insider

6   Defendants' representations to Amazon, as outlined in Section IV.F and Exhibits A–B, were

7   knowingly false, or made recklessly without knowledge of the truth of the statement.

8       116.    Upon information and belief, REKK Operator Defendants and Amazon Insider

9   Defendants' representations were made in an effort to mislead Amazon to believe that Amazon

10  customers were requesting valid returns and product replacement requests.  And upon

11  information and belief, it was REKK Operator Defendants and Amazon Insider Defendants'

12  intent that the misrepresentation should be acted upon by Amazon.

13      117.    Amazon reasonably and justifiably relied on REKK Operator Defendants and

14  Amazon Insider Defendants' representations by processing REKK User Defendants' fraudulent

15  refund requests, return requests, and product replacement requests.  Amazon did not know of the

16  falsity of REKK Operator Defendants and Amazon Insider Defendants' representations.  Had

17  REKK Operator Defendants and Amazon Insider Defendants informed Amazon that each refund

18  request, return request, and product replacement request was fraudulent, Amazon would not have

19  approved such requests.

20      118.    As a material and direct result of REKK Operator Defendants and Amazon

21  Insider Defendants' representations, Amazon approved fraudulent refund requests, return

22  requests, and product replacement requests, causing Amazon to suffer damages.

23

24

25

26

27

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 33

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## FOURTH CAUSE OF ACTION

### Conversion

### (Against All Defendants)

119.    Amazon incorporates by reference the factual allegations contained in Sections I–IV as though set forth herein.

120.    At all times applicable to this dispute, Amazon had a right to possess the refunds fraudulently obtained by Defendants reflected in the REKK User Defendants' transaction histories and vouches, identified in Section IV.F.  This amount includes the percentage of the refunds the REKK Operator Defendants and the Amazon Insider Defendants obtained from the REKK User Defendants in exchange for their fraudulent services.

121.    At all times applicable to this dispute, Amazon had a right to possess the replacement products fraudulently obtained by the REKK User Defendants, identified in Section IV.F.

122.    All Defendants willfully obtained fraudulent refunds as reflected in the REKK User Defendants' transaction histories and vouches, identified in Section IV.F.  This amount includes the refunds the REKK Operator Defendants and Amazon Insider Defendants obtained from the REKK User Defendants in exchange for their fraudulent services.  Amazon did not consent to issuing refunds under these fraudulent circumstances.  As a result, all Defendants continue to wrongfully exercise control over the refund amounts issued by Amazon.

123.    The REKK User Defendants willfully obtained fraudulent replacement products as reflected in the REKK User Defendants' transaction histories and vouches, identified in Section IV.F.   Amazon did not consent to providing replacement products under these fraudulent circumstances.  As a result, the REKK User Defendants continue to wrongfully exercise control over the replacement products delivered by Amazon.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

124.    Without Amazon's authority, all Defendants have substantially interfered with Amazon's possession of product refunds and replacement products by knowingly or intentionally preventing Amazon from possession of the refund amounts and replacement products.

125.    As a result of Defendant's actions, Amazon has been harmed by the full value of the product refunds and replacement products.  Amazon is entitled to the full value of the product refunds.  Amazon is also entitled to the highest market value of the replacement products between the time of conversion and the date of Amazon's Complaint for Damages and Injunctive Relief.

## FIFTH CAUSE OF ACTION

### Unjust Enrichment

### (Against All Defendants)

126.    Amazon incorporates by reference the factual allegations contained in Sections I–IV as though set forth herein.

127.    REKK Operator Defendants unjustly received benefits in the form of payments from fraudulent refunds received by the REKK User Defendants in exchange for their deceptive services.  REKK Operator Defendants obtained these benefits at Amazon's expense and through their wrongful conduct, which included their interference with Amazon's business relationships and other unfair business practices.  REKK Operator Defendants continue to unjustly retain these benefits at Amazon's expense.  It would be unjust for REKK Operator Defendants to retain any value they obtained as a result of their wrongful conduct.

128.    The REKK User Defendants unjustly received benefits in the form of fraudulent refunds and replacement products.  The REKK User Defendants obtained these benefits at Amazon's expense and through their wrongful conduct, which included their interference with Amazon's business relationships and other unfair business practices.  The REKK User Defendants continue to unjustly retain these benefits at Amazon's expense.  It would be unjust

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

for the REKK User Defendants to retain any value they obtained as a result of their wrongful conduct.

129.     On information and belief, Amazon Insider Defendants unjustly received benefits in the form of payments from REKK Operator Defendants in exchange for their deceptive services.  On information and belief, Amazon Insider Defendants obtained these benefits at Amazon's expense and through their wrongful conduct, which included their interference with Amazon's business relationships and other unfair business practices.  On information and belief, Amazon Insider Defendants continue to unjustly retain these benefits at Amazon's expense.  It would be unjust for Amazon Insider Defendants to continue to retain any value they obtained as a result of their wrongful conduct.

130.     REKK Operator Defendants, REKK User Defendants, and Amazon Insider Defendants have been unjustly enriched by their scheme.

131.     REKK Operator Defendants, REKK User Defendants, and Amazon Insider Defendants' actions damaged Amazon, including but not limited to the time and money spent investigating and mitigating unlawful conduct.

132.     As a result, Amazon is entitled to an accounting and restitution from REKK Operator Defendants, REKK User Defendants, and Amazon Insider Defendants consisting of the benefit conferred by the revenues derived from Defendants' wrongful conduct at Amazon's expense and all profits derived from that wrongful conduct.

133.     Amazon is entitled to the establishment of a constructive trust consisting of the benefit conferred upon REKK Operator Defendants, REKK User Defendants, and Amazon Insider Defendants by the revenues derived from their wrongful conduct at Amazon's expense and all profits derived from that wrongful conduct.

134.     Amazon is further entitled to full restitution of all amounts by which REKK Operator Defendants, REKK User Defendants, and Amazon Insider Defendants have been unjustly enriched at Amazon's expense.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1

2

3

4

5

## SIXTH CAUSE OF ACTION

### In the alternative, Breach of Contract

### (Against the REKK Operator Defendants and the REKK User Defendants)

135.    Amazon incorporates by reference the factual allegations contained in Sections I–IV as though set forth herein.

136.    The REKK User Defendants entered into Amazon's COU by way of creating their Amazon account or placing orders as described in Section IV.F and Exhibit A.  The REKK User Defendants established a binding and enforceable contract with Amazon and have therefore accepted and at all relevant times were bound by Amazon's COU.

137.    The REKK Operator Defendants, by accessing the REKK User Defendants' Amazon accounts as part of their fraudulent scheme, also established a binding and enforceable contract with Amazon and have therefore accepted and at all relevant times were bound by Amazon's COU.

138.    Amazon fully performed all of its obligations under the COU with the REKK Operator Defendants and the REKK User Defendants or was excused from doing so.

139.    The REKK Operator Defendants materially breached the COU by, among other actions: (1) accessing the REKK User Defendants' accounts; and (2) circumventing Amazon's policies and procedures concerning order refunds and replacements.

140.    The REKK User Defendants materially breached the COU by, among other actions: (1) misusing Amazon Services; and (2) circumventing Amazon's policies and procedures concerning order refunds and replacements.

141.    By allowing the REKK Operator Defendants to access their accounts, the REKK User Defendants are also responsible for all activities that occurred under their account or password per the terms of the COU, as described in Section IV.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 37

1    142.   The REKK Operator Defendants and the REKK User Defendants' breaches have

2   caused significant harm to Amazon, and Amazon is entitled to damages in an amount to be

3   determined.

4                              **SEVENTH CAUSE OF ACTION**

5                          **Trademark Infringement (15 U.S.C. § 1114)**

6                          **(Against the REKK Operator Defendants)**

7    143.   Amazon incorporates by reference the factual allegations contained in Sections I–

8   IV as though set forth herein.

9    144.   The REKK Operator Defendants' activities infringe the Amazon Trademarks.

10   145.   Amazon advertises, markets, and distributes its products and services using the

11  Amazon Trademarks, and uses them to distinguish their products and services from the products

12  and services of others in the same or related fields.

13   146.   Because of Amazon's long, continuous, and exclusive use of the Amazon

14  Trademarks, the Amazon Trademarks have come to mean—and are understood by customers,

15  users, and the public to signify—products and services from Amazon.

16   147.   The REKK Operator Defendants use the Amazon Trademarks in commerce in a

17  manner that is intended or likely to cause, at least initially, confusion, mistake, or deception as to

18  source, origin, or authenticity of the REKK's Telegram channel, REKK's Telegram posts, and

19  REKK's purported services.

20   148.   Further, the REKK Operator Defendants' activities are likely to lead Amazon's

21  customers to incorrectly believe, at least initially, that REKK's Telegram channel, REKK's

22  Telegram posts, and REKK's purported services originate with or are authorized by Amazon,

23  thereby harming Amazon.

24   149.   At a minimum, the REKK Operator Defendants acted with willful blindness to, or

25  in reckless disregard of, their lack of authority to use the Amazon Trademarks and the confusion

26  that the use of the Amazon Trademarks had on consumers as to the source, sponsorship,

27

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

affiliation, or approval by Amazon of the services purportedly provided by REKK Operator Defendants.

150.     The REKK Operator Defendants are subject to liability, jointly and severally, for the wrongful conduct alleged herein, both directly and under various principles of secondary liability, including without limitation, respondeat superior, vicarious liability, and/or contributory infringement.

151.     The REKK Operator Defendants wrongful conduct includes the use of the Amazon Trademarks, as well as false and misleading statements about or related to Amazon in connection with REKK's commercial advertising or promotion.  Examples of the date, time, and manner of REKK Operator Defendants' false and misleading statements about or related to Amazon are identified in Section IV.E, such as the use of Amazon's logos posted on Telegram above an advertisement stating that the REKK Operator Defendants provide "AMAZON.COM fast refunds."

152.     The REKK Operator Defendants have used the Amazon Trademarks to cause confusion, mistakes, or to deceive customers.  On information and belief, the REKK Operator Defendants' conduct initially misleads and confuses Amazon customers as to the authenticity of the services advertised, marketed, or offered in connection with Amazon Trademarks, diverting them from Amazon's genuine return process.  For example, Amazon customers may initially believe the REKK Operator Defendants offer legitimate Amazon refund services after reading the statement that the REKK Operator Defendants provide "AMAZON.COM fast refunds."

153.     The REKK Operator Defendants' acts constitute willful false statements in connection with goods and/or services distributed in interstate commerce, in violation of 15 U.S.C. § 1125(a).

154.     As a result of the REKK Operator Defendants' wrongful conduct, Amazon is entitled to recover its actual damages, the REKK Operator Defendants' profits attributable to the infringement, and treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117(a)–(b).  The amount of money due from the REKK Operator Defendants to Amazon is unknown to Amazon

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 39

1    and cannot be ascertained without a detailed accounting.  Alternatively, Amazon is entitled to

2    statutory damages under 15 U.S.C. § 1117(c).

3         155.    Amazon is further entitled to injunctive relief, as set forth in the Prayer for Relief

4    below.  Amazon has no adequate remedy at law for the REKK Operator Defendants' wrongful

5    conduct because, among other things: (a) the Amazon Trademarks are unique and valuable

6    property; (b) the REKK Operator Defendants' infringement constitutes harm to Amazon's

7    reputation and goodwill such that Amazon could not be made whole by any monetary award; (c)

8    if the REKK Operator Defendants' wrongful conduct is allowed to continue, the public is likely

9    to become further confused, mistaken, or deceived as to the source, origin, or authenticity of the

10   services being offered by REKK's Telegram channel and posts; and (d) the REKK Operator

11   Defendants' wrongful conduct, and the resulting harm to Amazon, is continuing.

12                              **EIGHTH CAUSE OF ACTION**

13   **False Designation of Origin, Sponsorship, Approval, or Association, and False Advertising**

14                              **(15 U.S.C. § 1125(a))**

15                         **(Against the REKK Operator Defendants)**

16        156.    Amazon incorporates by reference the factual allegations contained in Sections I–

17   IV as though set forth herein.

18        157.    Amazon advertises, markets, and distributes its products and services using the

19   Amazon Trademarks, and it uses these trademarks to distinguish its products and services from

20   the products and services of others in the same or related fields.

21        158.    Because of Amazon's long, continuous, and exclusive use of the Amazon

22   Trademarks, they have come to mean, and are understood by customers, end users, and the

23   public to signify products and services from Amazon.

24        159.    Amazon has also designed distinctive and aesthetically pleasing displays, logos,

25   icons, and graphic images (collectively, "Amazon designs") for its websites.

26

27

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 40

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

160.    The REKK Operator Defendants' wrongful conduct includes the use of the Amazon Trademarks, Amazon's name, or imitation designs (specifically displays, logos, icons, and/or graphic designs virtually indistinguishable from the Amazon designs), and false statements regarding Amazon and its products or services in connection with the REKK Operator Defendants' commercial advertising or promotion.  Examples of the date, time, and manner of REKK Operator Defendants' false and misleading statements about or related to Amazon are identified in Section IV.C, such as the use of Amazon's logos posted on Telegram above an advertisement that the REKK Operator Defendants provide "AMAZON.COM fast refunds."

161.    The REKK Operator Defendants have used the Amazon Trademarks, Amazon's name, and/or imitation designs in a manner that is intended or likely to cause confusion, to cause a mistake, or to deceive customers.  On information and belief, the REKK Operator Defendants wrongful conduct initially misleads and confuses Amazon customers as to the origin, approval of, and authenticity of the goods and services advertised, marketed, offered, or distributed in connection with Amazon's Trademarks, name, and imitation visual designs, and wrongfully trades upon Amazon's goodwill and business reputation.

162.    The REKK Operator Defendants' acts constitute willful false statements in connection with goods and/or services distributed in interstate commerce, in violation of 15 U.S.C. § 1125(a).

163.    The REKK Operator Defendants are subject to liability for the wrongful conduct alleged herein, both directly and under various principles of secondary liability, including without limitation, respondeat superior, vicarious liability, and/or contributory infringement.

164.    Amazon is further entitled to injunctive relief, as set forth in the Prayer for Relief below.  The REKK Operator Defendants' acts have caused irreparable injury to Amazon.  The injury to Amazon is and continues to be ongoing and irreparable.  An award of monetary damages cannot fully compensate Amazon for its injuries, and Amazon lacks an adequate remedy at law.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 41

165.    As a result of the REKK Operator Defendants' wrongful conduct, Amazon is entitled to recover its actual damages, the REKK Operator Defendants' profits, and treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117(a)–(b).  The amount of money due to Amazon is unknown and cannot be ascertained without a detailed accounting by the REKK Operator Defendants.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Amazon respectfully prays for the following relief:

A.    That the Court enter judgment in favor of Amazon on all claims;

B.    That the Court issue an order permanently enjoining all Defendants, their officers, agents, representatives, employees, successors and assigns, and all others in active concert or participation with them, from:

      (i)    Making any statement of an affiliation or connection to Amazon in connection with any offer, survey, commercial email, marketing campaign, or website;

      (ii)    Opening, acquiring, or using any Amazon account to order any product or service, and from claiming any refund or concession from Amazon;

      (iii)    Using or interacting with any Telegram, Nulled, Reddit, Discord, or other private channel media platforms, accounts, servers, or channels affiliated with the fraudulent refund scheme;

      (iv)    Creating any new Telegram, Nulled, Reddit, Discord, or other private channel media platforms, accounts, servers, or channels affiliated with the fraudulent refund scheme; and

      (v)    Engaging in any and all of the activity alleged herein, any acts causing any of the injury complained of, and any acts assisting, aiding or abetting any other persons or business entities in engaging in or performing any of the activity complained of herein or from causing any of the injury complaint of herein.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 42

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

C.      That the Court issue an order permanently enjoining the REKK Operator Defendants, their officers, agents, representatives, employees, successors and assigns, and all others in active concert or participation with them, from:

      (i)      Using the Amazon Trademarks in connection with any offer, survey, commercial email, marketing campaign, or website;

      (i)      Using any other indication of Amazon's brand in connection with any offer, survey, commercial email, marketing campaign, or website; and

      (ii)     Assisting, aiding, or abetting any other person or business entity in engaging or performing any of the activities referred to in subparagraphs (i) through (iii) above.

D.      That the Court enter an order requiring Defendants to provide Amazon a full and complete accounting of all gross and net amounts earned in connection with the scheme alleged in this Complaint;

E.      That Defendants' profits from the unlawful scheme alleged in this Complaint be disgorged pursuant to 15 U.S.C. § 1117(a);

F.      That the Court enter an order requiring Defendants to disgorge the full value of the product refunds pursuant to Washington law or otherwise allowed by law and declaring that Defendants hold in trust, as constructive trustees for the benefit of Amazon, their illegal profits gained from this fraudulent scheme.

G.      That the highest market value of the replacement products between the time of conversion and the date of Amazon's Complaint for Damages and Injunctive Relief be disgorged pursuant to Washington law or otherwise allowed by law.

H.      That Defendants, jointly and severally, be required to pay all general, special, actual, and statutory damages which Amazon has sustained, or will sustain, as a consequence of Defendants' unlawful acts, including for unjust enrichment, and that such damages be enhanced, doubled, or trebled as provided for by 15 U.S.C. § 1117(a)–(b) or otherwise allowed by law;

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 43

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1    I.        That Defendants be required to pay the costs of this action and Amazon's

2    reasonable attorneys' fees incurred in prosecuting this action, as provided for by 15 U.S.C. §

3    1117 or otherwise allowed by law;

4    J.        That Defendants be quired to pay restitution to Amazon in an amount equal to

5    their unjust enrichment; and

6    K.        That the Court grant Amazon such other, further, and additional relief as the

7    Court deems just and equitable.

8         DATED this 7th day of December, 2023.

9                                        Davis Wright Tremaine LLP
10                                       Attorneys for AMAZON.COM, INC.,
                                         AMAZON.COM SERVICES LLC, AND
11                                       AMAZON TECHNOLOGIES, INC.

12                                       *s/ Bonnie MacNaughton*
                                         Bonnie MacNaughton, WSBA # 36110
13                                       920 Fifth Avenue, Suite 3300
                                         Seattle, WA 98104-1604
14                                       Tel: (206) 622-3150
                                         Fax: (206) 757-7700
15                                       Email: bonniemacnaughton@dwt.com
16
                                         *s/ Tim Cunningham*
17                                       Tim Cunningham, WSBA # 50244
                                         1300 S.W. Fifth Avenue, Suite 2400
18                                       Portland, OR 97201
                                         Tel: (503) 241-2300
19                                       Fax: (503) 778-5299
                                         Email: timcunningham@dwt.com
20

21

22

23

24

25

26

27

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 44