The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMAZON.COM, INC., a Delaware corporation,
AMAZON.COM SERVICES LLC, a Delaware
limited liability company, and AMAZON
TECHNOLOGIES, INC., a Nevada corporation,

                Plaintiffs,

    v.

Does 1-20, unknown parties doing business as
"REKK," and the following individuals:
Domantas Radeckas, Noah Page, Skylar
Robinson, Luke Colvin, Alejandro Taveras,
Andrew Ling, Brandon Sukhram, Cosmin Sopca,
Jenny Tran, Olaf Booij, and Ryan Bates,

                Defendants.

No. 2:23-cv-01879-JLR

**AMENDED COMPLAINT FOR
DAMAGES AND INJUNCTIVE
RELIEF**

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

# I.    INTRODUCTION

1.    Amazon brings this case against an international fraud organization called REKK, which is principally operated by an individual in Lithuania named Domantas Radeckas.  REKK is responsible for stealing millions of dollars of products from Amazon's online stores through systematic refund abuse.  Through this lawsuit, Amazon aims to expose Defendants' conspiracy and hold them accountable for their fraudulent activity.

2.    Protecting customers and earning the trust of selling partners are core values at Amazon.  Retail theft is a persistent problem that plagues online and physical retailers alike.  One form of retail theft involves systematic refund fraud, which undermines Amazon's ability to efficiently serve customers and selling partners.  Customers who shop in Amazon's online stores should be delighted with their purchases, and if they are not, they should be able to easily return the product.  Amazon has built one of the most trusted brands in the world, in part based on its highly trusted customer service and refund process.  Sophisticated fraudsters—like Defendants—exploit the refund process for their own financial gain.  Their activity leaves retailers and honest consumers to bear the brunt of increased costs, decreased inventory, and poor return experiences.

3.    Led by Radeckas, Defendants are individuals from around the world who operated under the name "REKK."  REKK was one of the largest organizations in an underground industry that offers fraudulent refunds to users.  Among other places, REKK operated a Telegram channel that has over 30,000 followers, where they brazenly advertised refund services that they fully admit were fraudulent.  In this scheme, bad actors who wanted a free product (like an iPad) paid REKK a fee (such as 30% of the product's cost) to obtain a fraudulent refund.  REKK used sophisticated methods to obtain the refund, including socially engineering Amazon Customer Service, phishing Amazon employees, manipulating Amazon's systems through unauthorized access, and bribing Amazon insiders to grant refunds.  The Defendants' scheme tricked Amazon into processing refunds for products that were never returned; instead of returning the products as promised, Defendants kept the product *and* the refund.  REKK boasted that the organization fraudulently refunded over 100,000 orders from

retailers (not just Amazon).  Radeckas funneled the proceeds from this fraudulent conduct through multiple avenues, including with assistance from an individual in the country of Jordan who operated financial accounts for use by Radeckas.  Defendants in this case include REKK's operators, certain egregious REKK users, and former Amazon employees REKK bribed to facilitate refunds.  Together, they conspired to defraud Amazon and should be held to account for the significant harm caused to retailers and consumers.

## II.    PARTIES

### A.  Amazon Plaintiffs

4.    Amazon.com, Inc., is a Delaware corporation with its principal place of business in Seattle, Washington.

5.    Amazon.com Services LLC is a Delaware company with its principal place of business in Seattle, Washington.  Amazon.com Services LLC is the successor to Amazon.com Services, Inc.

6.    Amazon Technologies, Inc., is a Nevada corporation with its principal place of business in Seattle, Washington.

### B.    Defendants

7.    Defendants are known and unknown parties who conspired and operated in concert with each other to engage in the refund fraud scheme detailed in this Complaint. Defendants are subject to liability for their wrongful conduct both directly and under principles of secondary liability including, without limitation, respondeat superior, vicarious liability, and/or contributory infringement.

8.    Defendants fall into three categories:  (1) Domantas Radeckas and certain currently unknown parties who operated REKK and currently operate DIVO, a refund fraud service provider (collectively, "REKK Operator Defendants"); (2) known individuals who engaged with REKK's fraud service to obtain refunds for products (collectively, "REKK User Defendants"); and (3) corrupt Amazon insiders—former employees who facilitated the refunds in exchange for bribes paid by REKK (collectively, "Amazon Insider Defendants").

AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
(No. 2:23-cv-01879-JLR) - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

### (1)  REKK Operator Defendants

9.  Defendants Domantas Radeckas and Does 1-20 are individuals and/or entities who worked in active concert with each other to operate a refund fraud service provider doing business as REKK.  The identities of the Does 1-20 REKK Operator Defendants are presently unknown to Amazon.  The REKK Operator Defendants advertised their services and conducted the fraudulent scheme through numerous methods, including the Telegram accounts "@refundingclub," "@rekks," "@rekksupport," and "@rekkvouches."  While operating under the name REKK, they took deliberate steps to conceal their true identities.

10.  As discussed in further detail below, after Amazon filed its Complaint, REKK purportedly ceased operating the refund fraud scheme or "sold" the operation to other refund service providers according to public statements on REKK's channels.  This was just another ruse.  Instead of ceasing its fraudulent conduct, REKK reemerged as "DIVO Refunds," which is a factual and legal successor to REKK.  DIVO advertises its services and conducts the fraudulent scheme through numerous methods, including the Telegram accounts "@DIVOREFUND" and "@DIVOVOUCHES."

11.  Domantas Radeckas is an individual who, on information and belief, resides in Lithuania.

### (2)  REKK User Defendants

12.  Andrew Ling is an individual who, on information and belief, resides in New York.

13.  Brandon Sukhram is an individual who, on information and belief, resides in New York.

14.  Cosmin Sopca is an individual who, on information and belief, resides in England.

15.  Jenny Tran is an individual who, on information and belief, resides in England.

16.  Olaf Booij is an individual, who on information and belief, resides in the Netherlands.

AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
(No. 2:23-cv-01879-JLR) - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

17.     Ryan Bates is an individual who, on information and belief, resides in Canada.

**(3)     Amazon Insider Defendants**

18.     Noah Page is an individual who, on information and belief, resides in Tennessee.

19.     Skylar Robinson is an individual who, on information and belief, resides in Kentucky.

20.     Luke Colvin is an individual who, on information and belief, resides in Tennessee.

21.     Alejandro Taveras is an individual who, on information and belief, resides in New Jersey.

### III.     JURISDICTION

22.     The Court has subject matter jurisdiction over Amazon's federal claims for trademark infringement (15 U.S.C. § 1114) and violations of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) under 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a).

23.     The Court has ancillary subject matter jurisdiction over Amazon's common law claims for fraudulent misrepresentation, negligent misrepresentation, conversion, unjust enrichment, breach of contract, and civil conspiracy because they are substantially related to the federal claims.

24.     The Court also has diversity jurisdiction over Amazon's claims against the Defendants under 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000 and is between citizens of different states.

25.     The REKK Operator Defendants and REKK User Defendants consented to the exclusive jurisdiction of this Court by agreeing to the Amazon Conditions of Use ("COU"),[1] which provides that any dispute or claim relating in any way to accessing or shopping at Amazon.com will be adjudicated in the state or federal courts in King County, Washington.

26.     The Court has personal jurisdiction over the Defendants because they each transacted business and committed tortious acts within and directed to this District at all times

---

[1] Available at https://www.amazon.com/gp/help/customer/display.html?nodeId=GLSBYFE9MGKKQXXM.

AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
(No. 2:23-cv-01879-JLR) - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

material to the allegations herein.  Amazon's claims arise from those activities, and Defendants harmed Amazon, which resides in this District.  The REKK Operator Defendants and REKK User Defendants affirmatively undertook to do business with Amazon, and the principal place of business for Amazon.com, Inc., Amazon.com Services LLC, and Amazon Technologies, Inc., is in Seattle, Washington.  The REKK Operator Defendants and the REKK User Defendants established a binding and enforceable contract with Amazon.com Services LLC by consenting to Amazon's COU.  Further, the REKK Operator Defendants, by accessing the REKK User Defendants' Amazon accounts as part of the scheme, also established a binding and enforceable contract with Amazon.com Services LLC.  The Amazon Insider Defendants are employed by Amazon.com Services LLC, which has its principal place of business in Seattle, Washington.

27. The Court also has personal jurisdiction over the Defendants under 18 U.S.C. § 1965(b) because the Defendants have sufficient minimum contacts with the United States and Amazon's claims arise from those contacts.

28. Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in the District.  Venue is also proper in this Court because the REKK User Defendants and REKK Operator Defendants consented to it under the COU.

29. Intra-district assignment to the Seattle Division is proper because the claims arose in this Division where (a) Amazon resides, (b) injuries giving rise to suit occurred, and (c) Defendants directed their unlawful conduct.  *See* Local Civil Rule 3(e).

## IV.    FACTS

### A.    Amazon Product Returns

30. Amazon is a highly trusted brand enjoyed by customers around the world as a store for products and services.  One of Amazon's most popular features is its user-friendly order and return policies.

31. Amazon fulfills customer orders by retrieving the product from its source location (such as an Amazon fulfillment center) and shipping the product to the customer's location using

AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
(No. 2:23-cv-01879-JLR) - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

Amazon's own shipping services, the U.S. Postal Service ("USPS"), or a common carrier (e.g., UPS, FedEx, DHL, etc.).

32.     Customers can initiate a product return to Amazon by contacting Amazon through a variety of methods, including on Amazon's mobile app, emailing, conducting an online chat session, completing an online form, or calling customer service.  Once a return request is processed, customers receive a shipping label to send the product back to Amazon.  Refunds are generally credited to the payment method (typically a credit or debit card) connected to the customers' accounts.  If a customer fails to return the product, Amazon may refuse to grant a refund or may rebill the customer for the product.

33.     In addition to obtaining a refund through a product return, Amazon allows customers to request a refund for products that are not delivered or arrive damaged, inoperable, or deficient in some other way.  If the refund request is granted by Amazon, the order amount is credited back to the customer using the payment method associated with the customer's account.

34.     There is no fee to obtain a refund from Amazon, and Amazon offers robust customer support to aid in the refund process.

**B.     Refund Fraud as a Service**

35.     Genuine refunds are a standard and expected component of the retail industry. Amazon customers should be delighted with their purchases, and they should have the ability to easily return a product if they are not.

36.     Unfortunately, fraudsters exploit the refund process for their own financial gain to the detriment of honest consumers and retailers who must bear the brunt of increased costs, decreased inventory, and service disruption that impacts genuine customers.  Refund fraud affects the entire retail industry, including physical and online retailers alike.

37.     Some fraudsters—like Defendants—have created organized operations to systematically defraud retailers at scale.  These operations, such as REKK, have created illegitimate "businesses" offering fraudulent refunds to individuals around the world who are knowingly engaging with and participating in the fraud in order to receive expensive electronics

AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
(No. 2:23-cv-01879-JLR) - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1   and other products for free.  These fraudulent schemes operate as an underground industry that

2   enables a multitude of bad actors to conspire to take part in (and benefit from) sophisticated

3   fraudulent activity.

4       38.     These organized refund fraudsters brazenly advertise their services across

5   numerous forums and social media channels—competing against each other to partner with other

6   bad actors to grow their organizations.  Among other tactics, they post user testimonials on

7   messaging channels demonstrating the success of the operation.  These user testimonial posts are

8   referred to as "vouches."  The following is a sample vouch bragging about a $19,000 Amazon

9   theft posted on REKK's channel:

10          [screenshot on following page]

AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
(No. 2:23-cv-01879-JLR) - 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17



18
19
20
21
22
23
24
25
26
27

**C.    Amazon's Efforts To Stop Fraudulent Refund Schemes**

39.    Amazon has taken considerable measures to combat organized theft, fraud, and abuse—including return fraud.  In 2022 alone, Amazon spent $1.2 billion and employed over 15,000 people to fight theft, fraud, and abuse across its stores.  Amazon uses sophisticated machine learning ("ML") models to proactively detect and prevent fraud.  It also employs investigators to manually review activity to prevent fraud.  When fraud is detected, Amazon takes a variety of measures to stop the activity, including warning customers against continued activity, closing accounts, and preventing customers who engaged in refund fraud from opening new accounts.

AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
(No. 2:23-cv-01879-JLR) - 8

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

40.      Further, Amazon has specialized teams that detect, investigate, and stop the most egregious fraud driving increased costs and disruption to services for genuine customers.  These teams work around the world to aggregate fraud activity and attribute the activity to specific criminals.  This work feeds direct action against the bad actors.

41.      Amazon's Customer Protection & Enforcement team ("CPE") works to combat external threats that harm customers, partners, and Amazon.  Comprised of attorneys, former prosecutors, and expert analysts, CPE investigates and stops organized crime schemes affecting customers, partners, and Amazon—including refund fraud like this case.  CPE takes direct legal action against the bad actors responsible for the harm, including working with law enforcement around the world to hold the bad actors accountable.

42.      As part of its efforts to combat refund fraud, CPE has taken direct action and supported law enforcement action against the bad actors responsible for numerous refund fraud schemes, resulting in arrests as well as criminal and civil damages.  Amazon continues to investigate and take action against refund fraud schemes—like the one Defendants operate.

**D.      The REKK Operator Defendants' Role in the Fraudulent Scheme**

43.      REKK targeted Amazon's online stores in the United States, Canada, and Europe.  Among other places, the REKK Operator Defendants used the Telegram accounts "@refundingclub," "@rekks," "@rekksupport," and "@rekkvouches" to advertise their services and interact with people seeking to obtain fraudulent refunds from Amazon.  The REKK Operator Defendants also advertised their services and interacted with people seeking fraudulent refunds on Nulled (under username "rekk"), Reddit (under username "rekksalt" and subreddit "r/REKKRefundService"), and Discord (under username "rekk#5319").

44.      REKK's primary Telegram channel, "@refundingclub," advertised its page as "REKK Refund Service" and had 35,644 subscribers as of December 5, 2023.  The channel was created on November 14, 2019, and started advertising its services in January 2021.  The following is a screenshot of the channel information:

1
2
3
4
5



**Channel Info**                                    ✕

**REKK Refund Servic...**
35,644 subscribers

6   45.     The channel had several "pinned" posts, which allowed new users to obtain

7   general information about what services REKK offered.  The screenshot on the following page

8   was a pinned post in which REKK advertised its "many years" of service, acknowledging that its

9   services were illegal, and promising to reduce the risk to its users to "0":

10
11
12
13
14
15
16
17
18
19
20

**REKK Refund Service** 🌐
REKK refunding services has been successfully providing refund services to its customers for many years and ensures maximum security and anonymity.

■ Only I, @rekks have access to customer data (even my support does not have access to your personal information).

■ I do not offer risky stores or anything that could put our customer at risk. I am are here for long term cooperation.

■ All information is fully encrypted & upon payment of a service fee it is completely removed without the possibility of recovering it.

Choose a refunder responsibly as it is not legal,  but I can personally say from myself that I reduce the risk for my clients to 0.

 22   6  ❤️ 2                    👁 84.6K  edited 5:07 PM

21   46.     REKK's Nulled account also described the services REKK offers.  The following

22   are two posts in which REKK advertised completing over "100k+ orders," servicing "33000+

23   customers," offering "worldwide refunds," and earning a "profit" from a "very wide selection of

24   stores," and boasting they are "the strongest in our field."

25
26
27

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1



2

3

4

5

6

7

8

9

10

11

12    47.    REKK's subreddit "REKKRefundService" similarly described the services that

13  REKK offered and explained in a detailed question-and-answer format how REKK operated.

14  The following are posts in which REKK advertised that "[t]he REKK Refunding Service uses

15  methods that guarantee your money will be refunded to you every single time," REKK had a

16  "large user list of over +33,000 Customers," and also had "over +100,000 orders, and over

17  +10,000 vouches on [REKK's] telegram group."  REKK clearly described to prospective users

18  what their service offered: "refunding is when you buy a product and then trick the company into

19  thinking you have returned the product."

20    [screenshots on the following page]

21

22

23

24

25

26

27

1

2

3

4

5

6

7

8

9

10



**r/REKKRefundService** • 20 days ago
by rekksalt



🌐 🌐 The Best And Only Refunding Service
You'll Ever Need 🌐 🌐

Refunding as a service is something that's been around for years.

let me just tell you right now exactly what you want to know: It **IS** real and it **DOES** work. However, I've seen quite a few scammers on sites like Reddit selling their "*services.*" These people charge money up front and run away with your hard earned cash, leaving you poor.

I do **not** do this. I provide the service first and **THEN** ask for payment.

To prove to you I am legit, I'm going to explain a few popular methods that have been used in the past as well as why these methods no longer work. There are still some scammers out there who claim that these methods do work, but there is a very high amount of risk. Risks such as being rebilled, your account(s) being flagged, your account(s) being deleted, or in the worst case scenario, legal issues.

11

12

13

14

15

16

17

18

19

20

21

**Q:** What Is The Rekk Refunding Service?

**A:** To put it simply, refunding is when you buy a product and then trick the company into thinking you have returned the product. Whether you trick the company into thinking you did not receive the item, complain the item is broken or pretend you did send it back, these are all methods people use to refund. However, their success rate has gone down a lot in recent years. Especially after the Covid pandemic when more and more people began to order online. The Rekk Refunding Service uses methods that guarantee your money will be refunded to you every single time. Check the telegram for which stores are currently available.

**Q:** Does It Work?

**A:** My services guarantee zero risk to the customer. If you don't believe me, you can join my telegram and view the countless vouches I have from satisfactory customers.

**Q:** Will I Be Safe?

**A:** Yes. If my services were unsafe, I would not have such a large client list of over +33,000 Customers, over +100,000 orders, and over +10,000 vouches on my telegram group. Be sure to let me know you came from Reddit :)

22

23

24

25

26

27

48.     Another pinned post on REKK's Telegram channel linked to REKK's "store list," which provided instructions on REKK's refunding service, its fee (the minimum order fee is $100) and instructed customers to contact REKK before placing an order.  REKK even provided prospective customers a list of the stores it targeted for refund fraud and other details about its fraud service, with the portion relevant to Amazon in the screenshot on the following page:

AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
(No. 2:23-cv-01879-JLR) - 12

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

## Amazon stores 🔥

| Stores | Limits | Items | Timeframe ( days ) | Fee | Country ( WW = Worldwide ) | Notes |
|---|---|---|---|---|---|---|
| Amazon.com | $10000 | 5 | 3 to 10 | 30% | WW | Items must be shipped by Amazon. |
| Amazon.ca | $20000 | 10 | 3 to 10 | 30% | WW | Items must be shipped by Amazon. |
| Amazon.com.au | $20000 | 10 | 3 to 10 | 30% | WW | Items must be shipped by Amazon. |
| Amazon.co.uk | $10000 | 5 | 2 to 5 | 30% | WW | Items must be shipped by Amazon. |
| Amazon.ae | $5000 | 5 | 2 to 5 | 35% | WW | Items must be shipped by Amazon. |
| Amazon.de | €10000 | 5 | 3 to 10 | 35% | WW | Items must be shipped by Amazon. |
| Amazon.es | €10000 | 5 | 30 | 30% | ES | Items must be shipped by Amazon. |
| Amazon.it | €5000 | 5 | 30 | 30% | IT | Items must be shipped by Amazon. |
| Amazon.se | €2000 | 5 | 30 | 30% | SE | Items must be shipped by Amazon. |
| Amazon.nl | €2000 | 2 | 5-14 | 35% | NL & BE | Items must be shipped by Amazon. |
| Amazon.com.be | €2000 | 2 | 3-7 | 35% | BE | Items must be shipped by Amazon. |

49.     Amazon was one of REKK's targeted retailers.  REKK advertised that it provided "fast refunds" if certain criteria for an Amazon order were met.  REKK also prominently featured Amazon's trademarks, drawing attention and initial interest from Amazon customers. The following are partial screenshots of three different posts on the REKK Refunding Service channel about Amazon returns, each depicting Amazon trademarks without authorization:

[screenshots on the following pages]

AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
(No. 2:23-cv-01879-JLR) - 13

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27



AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
(No. 2:23-cv-01879-JLR) - 14

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27





AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
(No. 2:23-cv-01879-JLR) - 15

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

50.    REKK capitalized on Amazon's reputation and goodwill by using Amazon's trademarks to help generate initial interest in REKK's refund fraud services.  As certain User Defendants have confirmed, Amazon customers were drawn to REKK's channels under the initial impression that REKK offered legitimate return services, which were detailed directly underneath Amazon's logo.  As Amazon customers continued navigating REKK's channels, however, the illegal nature of its services became more apparent, and REKK benefited from the attention raised by the use of Amazon's trademarks.

51.    REKK charged its users a 30% or 35% fee for Amazon refunds and an additional 5% fee if the user pays via PayPal.

52.    REKK's users began by placing an order directly from a retailer, like Amazon. Once an order was placed, REKK users were directed to complete a "service form" located at URL https://docs.google.com/forms/d/e/1FAIpQLScONJZGAWL5FaJZ-0hunEy58YQTR8E9WmKl Umbd1vs4hI_Ecw/viewform.  The following is a partial screenshot of the service form:



## R3KK'S SERVICE F0RM

Always make sure that the form is filled out correctly and the information is correct to avoid any confusion or delays in the process.

Please always double check if you are talking to me.

**TELEGRAM:** https://t.me/rekks

**TELEGRAM MAIN CHANNEL:** https://t.me/refundingclub

Sign in to Google to save your progress. Learn more

* Indicates required question

53.    Users provided REKK the following information on the service form: Telegram username, store, whether users wanted to pay by Bitcoin or via PayPal, the total order amount, the customer's name, email address, billing, and shipping address on the account used to place

AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
(No. 2:23-cv-01879-JLR) - 16

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

the order, the tracking number and carrier that delivered the order, the payment method, and any other information the customer chose to share, as shown below:



54.     Once REKK was engaged, REKK contacted users to arrange for 50 percent of the service fee to be paid in advance.  REKK then employed one of the following fraudulent measures to obtain refunds for their users:

a.  **Social engineering**: Users provided their Amazon login credentials to REKK, and REKK then contacted Amazon Customer Service posing as the user.  REKK provided false information to manipulate the customer service associate to grant their users a refund.

b.  **Amazon systems manipulation:** REKK gained unauthorized access to Amazon's systems used in the genuine workflow to return and refund products.  Among other tactics, REKK sent (or caused to be sent) phishing messages to Amazon employees to obtain Amazon credentials.  Through this unlawful access, REKK processed fraudulent refunds.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

c.  **Insider bribery**: REKK identified and recruited Amazon employees responsible for approving genuine returns.  REKK then bribed these employees to falsely approve unreturned orders as returned.

d.  **Materially different returns**: REKK requested refunds for products, and REKK or its users returned packages to Amazon that were empty or contained low value items different than the original product for which the users were issued refunds.  These fake returns were designed to deceive Amazon's systems into believing the Defendants returned the correct item.

55.     The REKK User Defendants who paid via PayPal paid two different PayPal accounts—an account controlled by a user purportedly in the United States and an account based in Jordan.  On information and belief, the REKK Operator Defendants then disbursed the funds from these accounts to obfuscate the ultimate destination.

56.     In employing the various fraud schemes detailed in the preceding paragraph, the REKK Operator Defendants acted in concert with the REKK User Defendants and the Amazon Insider Defendants to circumvent Amazon's controls to prevent refund fraud.  Defendants' scheme caused Amazon to provide millions of dollars in refunds for products that were not returned.  Amazon also incurred significant customer support costs to process the fraudulent refunds in an amount to be determined and substantial expenses in excess of $75,000 to investigate Defendants' fraudulent activities.

E.     **Amazon Verification of REKK's Fraudulent Services**

57.     An investigator working for Amazon's outside counsel placed an order on Amazon.com for a 2021 Apple 12.9-inch iPad Pro (Wi-Fi 2 B) – Space Gray to be shipped to an address in the U.S.

58.     Amazon charged the investigator $2,066.99, including fees and taxes, and provided the investigator with an order number and UPS tracking number.

59.     Soon after, the investigator navigated to REKK's Telegram channel (@refundingclub) and completed REKK's service request form, which included providing

AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
(No. 2:23-cv-01879-JLR) - 18

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1  REKK with the order, tracking number, and a brief statement that the product had not yet been

2  received.

3       60.     Through Telegram, REKK responded stating that the fees were "25% BTC 30%

4  PP So half 15% if PayPal upfront $309."  The investigator paid $309 to REKK via PayPal and

5  received a confirmation from PayPal that the payment went to an account registered to the email

6  address terrykase2433@gmail.com.  A partial screenshot is provided below:



You've sent $309.00 USD
to
terrykase2433@gmail.co
m

We'll let terrykase2433@gmail.com know you've sent it.

Tell us how this transaction went

15       61.     The investigator received further information from PayPal's "transaction details"

16  description for the transaction.  The description showed that the payment went to an account

17  using the name "Merla Mullenberg."

18       62.     After payment, REKK stated that the refund would be issued in 48 to 72 hours.

19  The investigator then noted that Amazon.com had issued a refund in the amount of $2,066.99

20  and provided a statement "Return in transit."  A partial screenshot of the investigator's Amazon

21  account is provided below:



Return/Refund Status

2021 Apple 12.9-inch iPad Pro (Wi-Fi,...
Size: 2T
Color: Space Gray
Details
$1,949.99

✓ Return in transit
$2,066.99 refund issued on Jun 7, 2022.

AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
(No. 2:23-cv-01879-JLR) - 19

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

63.     Amazon reviewed the shipment tracking data associated with the investigator's Amazon order ID and the UPS tracking number.  The UPS tracking data showed indications of manipulation.  The UPS data indicated that the package was being returned to sender because a customer in Roswell, Georgia, had refused delivery of the package—even though the package was never in Georgia and the investigator never refused delivery.  After Amazon issued a refund for the purportedly undeliverable package, the investigator received the package at the intended address, and UPS shipping data was updated to reflect the delivery.  The shipment tracking data is provided below:

| Date | Time | Location | Event Details |
|------|------|----------|---------------|
| Tuesday, June 7 | 10:33 AM | Meridian ID US | Package delivered. |
| Tuesday, June 7 | 8:32 AM | Meridian ID US | Package is out for delivery. |
| Sunday, June 5 | 9:42 AM | Roswell GA US | Customer refused delivery. |
| Sunday, June 5 | 9:42 AM | Roswell GA US | Package is returning to seller because recipient did not accept it. |
| Sunday, June 5 | 9:42 AM | Roswell GA US | Delivery refused by the customer and the package is being held by the carrier.  Please contact the carrier if you would still like to receive this package, otherwise it will be returned to Amazon. |
| Saturday, June 4 | 7:22 AM | Boise ID US | Package arrived at a carrier facility. |
| Saturday, June 4 | 5:23 AM | Cedar Rapids IA US | Package left the carrier facility. |
| Saturday, June 4 | 4:37 AM | Cedar Rapids IA US | Package arrived at a carrier facility. |
| Saturday, June 4 | 4:23 AM | Louisville KY US | Package left the carrier facility. |
| Friday, June 3 | 11:05 AM | Louisville KY US | Package arrived at a carrier facility. |
| Friday, June 3 | 1:00 AM | Greensboro NC US | Package left the carrier facility. |
| Thursday, June 2 | 6:24 PM | Greensboro NC US | Package arrived at a carrier facility. |
| Thursday, June 2 | 4:00 PM | Raleigh NC US | Package left the carrier facility. |
| Thursday, June 2 | 12:07 PM | Raleigh NC US | Package arrived at a carrier facility. |
| Thursday, June 2 | 11:45 AM | Garner NC US | Package left the carrier facility. |
| Thursday, June 2 | 9:05 AM | Garner NC US | Package arrived at a carrier facility. |
| Thursday, June 2 | | --- | Carrier picked up the package. |

64.     REKK provided the investigator with the following "BTCPay" URL to complete his remaining payment via Bitcoin:  https://hermespay.org/payment-requests/9b10f6c6-b738-4a23-bab4-6f34652fdb6b.  The page showed a payment request for $516.00 and username @cptam00.  When the investigator clicked the "pay invoice" button that appeared on the website, he was directed to BTCPay.  The BTCPay page provided the name "refund.one" for REKK and displayed wallet address bc1qgvn42wsxdxue3e7kdzklqy25zvyq5a5qx4yqq6.  The

investigator completed payment of 0.01706717 BTC to the listed wallet address.  Five days later,

the wallet subsequently sent the payment of 0.01706717 BTC to another wallet address:

1HoAnAjC7WuXtAVCajBh4jQVVJwaiDRGt.

65.     Following payment, REKK asked the investigator to provide a "vouch" for the

Amazon refund on a Nulled discussion page, URL https://www.nulled.to/topic/921203-rekks-

refunds-100k-orders-completed-20000-customers-10000-vouches-group-telegram-group-

100000-limits-worldwide-refunds/page-1.

**F.     Amazon's Investigation of REKK Operator Defendant Domantas Radeckas**

66.     Amazon's extensive investigation identified REKK's principal operator as an

individual named Domantas Radeckas.  In concert with the other Defendants, Radeckas

spearheaded REKK's operation, including the marketing of REKK's services on Telegram and

other platforms as well as the fraudulent conduct against Amazon to obtain illicit refunds on

behalf of Defendants.

67.     Among many email addresses, Radeckas uses "domasklanas@gmail.com"

"radedomantas@gmail.com" "domantasradeckas@gmail.com" "domasandbenas@gmail.com"

"domasdomen@gmail.com" "ddomenas@gmail.com" and "ddomse@yahoo.com".  He also uses

the usernames "Sh4m4n" "Sh4m4ns" "sh4m4nsss" "rekktus" and "rekk" (among many others)

with online service providers.

68.     On November 8, 2019, six days before REKK appeared for the first time on

Telegram, Domantas Radeckas changed his MultiPlayer Game Hacking ("MPGH") Forum

username from "sh4m4ns" to "REKK."  Domantas Radeckas used the same profile photo for

both the "sh4m4ns" and "REKK" user profiles on the MPGH Forum as REKK's user profile on

the REKK Telegram channel.  A screenshot of the username change and profile picture is on the

following page.

AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
(No. 2:23-cv-01879-JLR) - 21

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax



69.     On April 13, 2020, on cracked.io, an online forum, the user "sh4m4nsss" changed their username to "REKK."



70.     Amazon identified IP addresses located in Lithuania that were used to access Amazon accounts associated with Radeckas, as well as other accounts connected to the REKK scheme that obtained fraudulent concessions.  The concessions tied to Radeckas's IP addresses include high-value items such as Lego items, Apple laptops, and Ring cameras that were

AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
(No. 2:23-cv-01879-JLR) - 22

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1   commonly targeted by REKK.  Amazon also compared these refunded order IDs to vouches

2   posted on the REKK Telegram channel and located multiple matches, confirming that

3   Radeckas's IP address was directly associated with accounts which obtained (and publicly

4   promoted) fraudulent refunds.  These vouches are listed in Exhibit C.

5       71.     For example, on June 7, 2023, REKK accessed an Amazon account from an IP

6   address associated with Domantas Radeckas and obtained a refund for an Apple iPhone 14 Pro

7   Max for 4,197.00 Euros.  A vouch for this refund was posted on REKK's Telegram account, a

8   screenshot of which is below.



72.     Other customer accounts accessed from Domantas Radeckas's IP address show

similarities to known REKK fraudulent refunds.  Many of the refunds on accounts accessed from

Radeckas's IP addresses were for high-value Apple products.  The most common reason for the

refunds was a shipping error which typically indicates the return tracking was fraudulently

rerouted or the envelope may have contained a label that was manipulated.  This activity is

consistent with REKK's fraudulent refunding activity.

AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
(No. 2:23-cv-01879-JLR) - 23

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

73.     Based upon the preceding information, and on information and belief, Domantas Radeckas was the primary operator and principal leader of REKK.

74.     Based upon the preceding information, and on information and belief, Domantas Radeckas created the REKK Telegram channel.

**G.      Reemergence of REKK as DIVO Refunds**

75.     After filing its Complaint in this case, Amazon posted the lawsuit on the REKK Telegram channel.  Shortly thereafter, REKK deleted the vast majority of posts from its main Telegram channel, "@refundingclub" (as well as "@rekks" and "@rekkvouches").  A screenshot of the messages on Telegram are below.



76.     Despite REKK claiming it "wanted to quit anyways" and deleting its Telegram presence, REKK simply re-emerged as its successor DIVO.  The "@rekkvouches" Telegram channel has changed its name to "REKK VOUCHES (ON HOLD)."  The channel has 7,545 subscribers as of May 24, 2024.

77.     There has only been one post on the channel, stating "JOIN: @DIVOVOUCHES."  A screenshot of this message is on the following page.

AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
(No. 2:23-cv-01879-JLR) - 24

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax



78.     The first message on "@DIVOREFUND's" channel "@REFUNDINGDEALS" claimed REKK "retired" from refunding service activities, and "management of refund services and Telegram groups will transition to: @DIVOREFUND."  The "@REFUNDINGDEALS" channel has 111,895 subscribers.  A screenshot of this message is below.

AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
(No. 2:23-cv-01879-JLR) - 25

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

79.    "@DIVO REFUND VOUCHES" includes two other Telegram contacts in its description: "@DIVOREFUND," identified as the "owner account"; and "@REFUNDINGDEALS," the main channel.  "@DIVOREFUND" was created on March 10, 2024.  The profile photo for this channel features REKK's historical profile photo in the background.  A screenshot of the profile photo is below.



80.    DIVO's methods to implement its scheme are similar to the methods used by REKK.  Like REKK, DIVO accepts both cryptocurrency and PayPal as payment methods.  It charges a thirty percent fee for cryptocurrency payments and a thirty-five percent fee for PayPal payments.

81.    Like REKK, DIVO uses an intake form.  The intake form is hosted on CryptPad.fr, an end-to-end encrypted collaboration suite based in France.

82.    DIVO also posted vouches to its "@DIVOVOUCHES" channel to advertise its services.  An example of a vouch is on the following page.

AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
(No. 2:23-cv-01879-JLR) - 26

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

| Order Summary | |
| --- | --- |
| Item(s) Subtotal: | $10,999.95 |
| Shipping & Handling: | $0.00 |
| Environmental Handling Fee | $2.00 |
| Total before tax: | $11,001.95 |
| Estimated GST/HST: | $550.10 |
| Estimated PST/RST/QST: | $1,097.43 |
| Grand Total: | $12,649.48 |
| Refund Total: | $12,649.48 |

∧ Transactions

Refund: Completed March 15, 2024 - $9,947.12
Refund: Completed March 17, 2024 - $2,702.36

Total: $12,649.48

**2 Shipments**

Track package

Get product support

Return or replace items

Share gift receipt

Write a product review

Apple Puce M3 pour ordinateur portable MacBook Pro 2023 avec processeur 8 cœurs, GPU 10 cœurs : écran Retina XDR liquide de 14,2", mémoire unifiée de 8 Go, stockage SSD de 1 To. Fonctionne avec

$2,349.99
Condition: New

↺ Buy it again

Apple Puce M3 pour ordinateur portable MacBook Pro 2023 avec processeur 8 cœurs, GPU 10 cœurs : écran Retina XDR liquide de 14,2", mémoire unifiée de 8 Go, stockage SSD de 512 Go, fonctionne avec

83.     Additionally, at least one vouch posted on DIVO's Telegram channel relates to a customer account that was accessed by an IP address in Lithuania also used by the REKK accounts.  Other customer accounts with vouches on DIVO's Telegram channel have been accessed by the same IP addresses as customers of REKK.

84.     For example, on April 3, 2024, DIVO accessed an Amazon account from an IP address associated with Domantas Radeckas and obtained a refund for a Serweet 12-Inch

AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
(No. 2:23-cv-01879-JLR) - 27

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

Memory Foam Hybrid Queen Mattress for $332.46.  A vouch for this refund was posted on

DIVO's telegram account, a screenshot of which is below.



85.     On information and belief, DIVO is operated by Domantas Radeckas, the same

individual who operated REKK.

**H.     Amazon's Verification of DIVO's Fraudulent Services**

86.     An investigator working for Amazon's outside counsel initiated a chat

conversation on Telegram with the user "DIVO - @REFUNDINGDEALS."  REKK, posing as

DIVO, informed the investigator there was no order minimum and that he charged 30% for his

services.  A screenshot of that conversation is on the following page.

AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
(No. 2:23-cv-01879-JLR) - 28

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17



18   87.    The investigator then placed an order on Amazon.com for an Apple Watch Series

19   9 [GPS 41 mm] Smartwatch with Midnight Aluminum Case with Midnight Sport Band M/L to

20   be shipped to an address in the U.S.

21   88.    Amazon charged the investigator $322.92, including fees and taxes, and provided

22   the investigator with an order number and an Amazon shipping tracking number.

23   89.    Soon after, the investigator contacted DIVO again through Telegram.  The

24   investigator was directed to fill out an intake form hosted on CryptPad.fr, which included

25   providing the order number, tracking number, product names, and payment method.  Screenshots

26   of the order form are on the following pages.

27

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15



16
17
18
19
20
21
22
23
24
25
26
27

AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
(No. 2:23-cv-01879-JLR) - 30



AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
(No. 2:23-cv-01879-JLR) - 31

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax



90.     The investigator was then directed to create a mail.com or proton.me email account, change their Amazon account email address to the newly created email, and remove any two-factor authentication and cellphone numbers from their Amazon account.  DIVO informed the investigator "you just wait."  DIVO also changed the mail.com password after he received the account details.

91.     The investigator received the Apple Watch—exactly as ordered—at the intended address.  The investigator then received an email from Amazon Customer Service to the investigator's newly created mail.com email address stating they were investigating an order reported missing and requesting a police report.  DIVO provided Amazon a false police report.

92.     The investigator also accessed their Amazon account's chat history with Amazon Customer Service.  The chat history contained multiple statements from DIVO, logged into the

AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
(No. 2:23-cv-01879-JLR) - 32

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

investigator's account, to Amazon Customer Support claiming that the product ordered was not received and they had instead received an empty package.

93.     Amazon then issued a refund totaling $322.92 to the investigator's debit card.

94.     Through Telegram, DIVO provided the investigator with the email address "Handsounds@outlook.com" to submit a payment through PayPal.  The investigator then completed a payment of $101.85 to the email address "Handsounds@outlook.com."  After completing payment, the investigator received further information from PayPal's "transaction details" description for the transaction.  The description showed that the payment went to an account using the name "Jaber Rasol."  A screenshot of the PayPal transaction is below.



**I.      The REKK User Defendants' Role in the Fraudulent Scheme**

95.     Each of the twenty known REKK User Defendants played a critical role in conspiring to defraud Amazon.  Each Defendant sought out REKK based on its extensive web presence promoting its fraudulent conduct, engaged and conspired with REKK for the purposes of obtaining one or more free products from Amazon, and then actively promoted REKK's success online to expand the scheme's reach.

96.     The REKK User Defendants each engaged in the following conduct in furtherance of their role in the fraudulent scheme:

AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
(No. 2:23-cv-01879-JLR) - 33

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

a. They each subscribed to or monitored REKK's online presence, including the REKK Telegram channel, and, therefore, each saw REKK's clear statements that it was engaged in a fraudulent refund scheme.

b. They each placed one or more orders from Amazon for products with the intent to commit refund fraud using REKK's refund fraud services.

c. Conspiring with REKK, they requested and received refunds from Amazon for those products using one of REKK's fraudulent methods described above. Specific examples of each Defendant's fraudulent activity in connection with REKK are detailed in Exhibit A to this Complaint and incorporated within the allegations of this Complaint.

d. They each also obtained other fraudulent concessions from Amazon without the assistance of REKK. Each fraudulent concession was obtained through material misstatements or omissions to Amazon that resulted in each Defendant obtaining free products from Amazon.

e. They each agreed to the Amazon COU which provides that anyone shopping at Amazon (1) may not misuse the Amazon Services; (2) may use those services "only as permitted by law"; and (3) agrees to accept responsibility for all activities that occur under their account or password.

f. They each provided one or more vouches for REKK's fraudulent refund service that REKK used to solicit new members to join the conspiracy to expand its fraudulent activity.

97. As an example, Defendant Andrew Ling placed an Amazon order for five Apple iPads, causing the products to be shipped via Amazon Logistics. After receiving the products, Ling engaged REKK to receive a fraudulent refund of the products. REKK then used a phishing attack against an Amazon fulfillment center associate to manipulate Amazon's systems to show that all five of Ling's iPads were returned (when none were). As a result, Ling and REKK stole five iPads, and REKK received hundreds of dollars for facilitating the fraud.

AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
(No. 2:23-cv-01879-JLR) - 34

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

98.     As another example, Defendant Jenny Tran placed an Amazon order for two

Apple MacBook Air laptops over the internet, causing the products to be shipped via Amazon

Logistics.  After receiving the products, Jenny Tran engaged REKK to receive a fraudulent

refund of the products.  REKK and Tran falsely claimed that the products were never received,

and they even provided a falsified police report to show that the product was not received.  As a

result, Tran and REKK stole two MacBook laptops and REKK received hundreds of dollars for

facilitating the fraud.

**J.     The Amazon Insider Defendants' Role in the Fraudulent Scheme**

99.     REKK identified and recruited Amazon employees to join its scheme.  REKK

recruited these insiders on Reddit, LinkedIn, or directly on its Telegram channel.  The following

is a post from the Telegram channel recruiting Amazon insiders:



AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
(No. 2:23-cv-01879-JLR) - 35

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

100.     As set forth in the Parties section above, the Amazon Insider Defendants consist of the following four individuals: Noah Page, Luke Colvin, Skylar Robinson, and Alejandro Taveras.  The Amazon Insider Defendants were formerly Amazon employees responsible for approving product returns.  Each worked in Amazon's operations organization, which is responsible for handling product returns.  Together, the four Amazon Insider Defendants provided over $400,000 worth of fraudulent returns to REKK and its users.

101.     The Amazon Insider Defendants—in exchange for payments—conspired and acted in concert with the REKK Operator Defendants to approve fraudulent product returns.  Detailed allegations as to the conduct of each Amazon Insider Defendant are contained in Exhibit B and incorporated within the allegations of this Complaint.

102.     As an example, Noah Page began his employment with Amazon as a fulfillment center associate in Chattanooga, Tennessee, in January 2023.  REKK recruited Page to facilitate returns fraud, and Page agreed to approve customer returns for products that were not in fact returned.  The following is screenshot of the initial exchange between REKK and Page.

[partial screenshot on the following page]

AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
(No. 2:23-cv-01879-JLR) - 36

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax



In April 2023, Page fraudulently approved product returns for 56 orders, causing Amazon to refund over $75,000 to REKK users.  On information and belief, REKK paid Page more than $5,000 for his participation in the fraudulent scheme.

**K.    Amazon's Intellectual Property**

103.    Amazon exclusively owns numerous U.S. trademark registrations and pending applications.  These trademarks are a critical component of consumers' ability to readily identify Amazon products and services—including genuine product return and refund services.

104.    The following trademarks and service marks (collectively "Amazon Trademarks") were unlawfully used to further Defendants' scheme:

AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
(No. 2:23-cv-01879-JLR) - 37

| **Mark** | **Registration No. (International Classes)** |
|---|---|
| AMAZON | 2,657,226 (Int. Cl. 42)<br>2,738,837 (Int. Cl. 38)<br>2,738,838 (Int. Cl. 39)<br>2,832,943 (Int. Cl. 35)<br>2,857,590 (Int. Cl. 9)<br>3,868,195 (Int. Cl. 45)<br>4,171,964 (Int. Cl. 9)<br>4,533,716 (Int. Cl. 2)<br>4,656,529 (Int. Cl. 18)<br>4,907,371 (Int. Cls. 35, 41, 42)<br>5,102,687 (Int. Cl. 18)<br>5,281,455 (Int. Cl. 36) |
| AMAZON.COM | 2,078,496 (Int. Cl. 42)<br>2,167,345 (Int. Cl. 35)<br>2,559,936 (Int. Cls. 35, 36, 42)<br>2,633,281 (Int. Cl. 38)<br>2,837,138 (Int. Cl. 35)<br>2,903,561 (Int. Cls. 18, 28)<br>3,411,872 (Int. Cl. 36)<br>4,608,470 (Int. Cl. 45) |
| **amazon** | 4,171,965 (Int. Cl. 9)<br>5,038,752 (Int. Cl. 25) |
| **a** | 4067393 (Int. Cl. 38)<br>3904646 (Int. Cl. 35)<br>3911425 (Int. Cl. 45)<br>5100558 (Int. Cl. 39)<br>4,969,037 (Int. Cl. 40)<br>5129530 (Int. Cl. 9)<br>6178565 (Int. Cls. 16, 36, 41, 42) |

105.    The Amazon Trademarks have been used exclusively and continuously by Amazon and have never been abandoned.  The above U.S. registrations for the Amazon Trademarks are valid, subsisting, in full force and effect, and many are incontestable pursuant to 15 U.S.C. § 1065.  The registrations for the Amazon Trademarks constitute prima facie evidence

AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
(No. 2:23-cv-01879-JLR) - 38

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1   of their validity and of Amazon's exclusive right to use the Amazon Trademarks pursuant to

2   15 U.S.C. § 1057(b).

## V.     CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**Civil Conspiracy**

**(Against All Defendants)**

106.    Amazon incorporates by reference the factual allegations contained in Sections I–IV as though set forth herein.

107.    The REKK Operator Defendants, REKK User Defendants, and Amazon Insider Defendants entered into an agreement to deprive and did deprive Amazon through the exploitation of Amazon's return services, with the intent to injure Amazon and its business.

108.    The REKK User Defendants agreed to engage in the fraudulent refund scheme orchestrated by the REKK Operator Defendants and the Amazon Insider Defendants when they completed the "service form" hosted on REKK's Telegram channel.

109.    On information and belief, the REKK User Defendants were aware of each others' involvement through shared participation in the same Telegram channels and through awareness from the vouches posted in the Telegram channels.

110.    The REKK User Defendants helped to further the fraudulent refund scheme by sharing information regarding successful fraudulent refunds through vouches posted to the Telegram channels, which were available to other users.  The REKK User Defendants also furthered the fraudulent refund scheme by agreeing to share a portion of the fraudulent refunds with the REKK Operator Defendants, thereby funding the fraudulent refund scheme.

111.    On information and belief, Defendant Domantas Radeckas made some or all of the fraudulent returns and false representations identified in Exhibit A.

112.    On information and belief, Defendant Domantas Radeckas assisted the other REKK Operator Defendants, REKK User Defendants, and Amazon Insider Defendants in

AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
(No. 2:23-cv-01879-JLR) - 39

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

making the fraudulent misrepresentations by creating the REKK Telegram channel, posting on the REKK Telegram channel as @rekk, and recruiting the Amazon Insider Defendants.

113.    The Amazon Insider Defendants agreed to engage in the fraudulent refund scheme by: (1) engaging with the REKK Operator Defendants and agreeing to accept payment in exchange for approving fraudulent returns; (2) approving fraudulent returns for the REKK User Defendants; and (3) on information and belief, accepting payment from the REKK Operator Defendants.

114.    On information and belief, upon completing the "service form" and engaging with the REKK Operator Defendants and the Amazon Insider Defendants regarding the logistics behind the refunding scheme, the REKK User Defendants knew that the refund scheme was fraudulent and not a legitimate method of obtaining Amazon replacement products and refunds.

115.    On information and belief, upon engaging with the REKK Operator Defendants regarding the logistics behind the refunding scheme and accepting payment from the REKK Operator Defendants in exchange for approving fraudulent returns, the Amazon Insider Defendants knew that it was a fraudulent scheme.

116.    As a result of the REKK Operator Defendants, REKK User Defendants, and Amazon Insider Defendants' deception, Amazon approved fraudulent refunds, sent replacement products, and spent numerous resources through its customer support channels that it would not have otherwise.  If Amazon had known of the fraudulent activity carried out by the fraudulent scheme, Amazon would not have issued refunds, sent replacement products, or spent numerous resources through its customer support channels.  The REKK Operator Defendants, REKK User Defendants, and Amazon Insider Defendants have therefore been unjustly enriched and Amazon has suffered damage.

AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
(No. 2:23-cv-01879-JLR) - 40

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1
2
3

## SECOND CAUSE OF ACTION

### Fraudulent Misrepresentation

### (Against All Defendants)

4      117.     Amazon incorporates by reference the factual allegations contained in Sections I–

5   IV as though set forth herein.

6      118.     Between at least May 21, 2022, and August 9, 2023, when working with the

7   REKK User Defendants, REKK Operator Defendants made numerous false representations to

8   Amazon, including but not limited to:  (1) on information and belief, contacting Amazon

9   fulfillment center employees posing as REKK User Defendants, Amazon HR personnel, or

10  "Amazon Investigation"; (2) providing false statements to Amazon fulfillment center employees

11  regarding product refunds or replacements, submitting false documentation claiming a product

12  was never received, or falsely stating the user had not received the product ordered; (3) on

13  information and belief, instructing REKK User Defendants to contact Amazon fulfillment center

14  employees to provide false statements regarding product ordered; (4) on information and belief,

15  manipulating shipping data to reflect false information regarding product delivery details; (5) on

16  information and belief, sending phishing messages to Amazon employees to obtain Amazon

17  credentials; and (6) instructing Amazon Insider Defendants to approve fraudulent returns.  The

18  dates, times, and manner of each of the REKK User Defendant's fraudulent returns and false

19  representations are identified in Section IV.I and Exhibit A.  The dates, times, and manner of

20  Amazon Insider Defendants' fraudulent return approvals are identified in Exhibit B.

21     119.     Between at least May 21, 2022, and June 17, 2023, the REKK User Defendants

22  made numerous false representations to Amazon, including but not limited to:  (1) on

23  information and belief, providing false statements to Amazon Customer Service and Amazon

24  fulfillment center employees regarding product refunds or replacements, such as claiming to not

25  have received the product(s) ordered, claiming to have received empty boxes, or submitting

26  falsified police reports claiming the product(s) were never received; and (2) on information and

27  belief, manipulating shipping data by refusing delivery of products for false reasons.  The dates,

AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
(No. 2:23-cv-01879-JLR) - 41

1 times, and manner of each of the REKK User Defendant's fraudulent returns and false

2 representations are identified in Exhibit A.

3      120. Between at least May 21, 2022, and June 17, 2023, Amazon Insider Defendants

4 made numerous false representations to Amazon, including but not limited to approving

5 fraudulent returns.  The dates, times, and manner of Amazon Insider Defendants' fraudulent

6 return approvals are identified in Section IV.J and Exhibit B.

7      121. On information and belief, Defendant Domantas Radeckas made some or all of

8 the fraudulent returns and false representations identified in Exhibit A.

9      122. On information and belief, Defendant Domantas Radeckas assisted the other

10 REKK Operator Defendants, REKK User Defendants, and Amazon Insider Defendants in

11 making the fraudulent misrepresentations by creating the REKK Telegram channel, posting on

12 the REKK Telegram channel, and recruiting the Amazon Insider Defendants.

13      123. REKK Operator Defendants and Amazon Insider Defendants' representations to

14 Amazon, as outlined in Sections IV.I–J, were material.

15      124. Upon information and belief, REKK Operator Defendants and Amazon Insider

16 Defendants' representations to Amazon, as outlined in Sections IV.I–J and Exhibits A–B, were

17 knowingly false or made recklessly without knowledge of the truth of the statement.

18      125. Upon information and belief, REKK Operator Defendants and Amazon Insider

19 Defendants' representations were made in an effort to mislead Amazon to believe that Amazon

20 customers were requesting valid returns and product replacement requests.  And upon

21 information and belief, it was REKK Operator Defendants and Amazon Insider Defendants'

22 intent that the misrepresentation should be acted upon by Amazon.

23      126. Amazon reasonably and justifiably relied on REKK Operator Defendants and

24 Amazon Insider Defendants' representations by processing REKK User Defendants' fraudulent

25 refund requests, return requests, and product replacement requests.  Amazon did not know of the

26 falsity of REKK Operator Defendants and Amazon Insider Defendants' representations.  Had

27 REKK Operator Defendants and Amazon Insider Defendants informed Amazon that each refund

AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
(No. 2:23-cv-01879-JLR) - 42

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1   request, return request, and product replacement request was fraudulent, Amazon would not have

2   approved such requests.

3       127.    As a material and direct result of REKK Operator Defendants and Amazon

4   Insider Defendants' representations, Amazon approved fraudulent refund requests, return

5   requests, and product replacement requests, causing Amazon to suffer damages.

6                          **THIRD CAUSE OF ACTION**

7                          **Negligent Misrepresentation**

8                          **(Against All Defendants)**

9       128.    Amazon incorporates by reference the factual allegations contained in Sections I–

10  IV as though set forth herein.

11      129.    Between at least May 21, 2022, and August 9, 2023, when working with the

12  REKK User Defendants, REKK Operator Defendants made numerous false representations to

13  Amazon, including but not limited to:  (1) on information and belief, contacting Amazon

14  fulfillment center employees posing as REKK User Defendants, Amazon HR personnel, or

15  "Amazon Investigation"; (2) providing false statements to Amazon fulfillment center employees

16  regarding product refunds or replacements, submitting false documentation claiming a product

17  was never received, or falsely stating the user had not received the product ordered; (3) on

18  information and belief, instructing REKK User Defendants to contact Amazon fulfillment center

19  employees to provide false statements regarding product ordered; (4) on information and belief,

20  manipulating shipping data to reflect false information regarding product delivery details; (5) on

21  information and belief, sending phishing messages to Amazon employees to obtain Amazon

22  credentials; and (6) instructing Amazon Insider Defendants to approve fraudulent returns.  The

23  dates, times, and manner of each of the REKK User Defendant's fraudulent returns and false

24  representations are identified in Section IV.I and Exhibit A.  The dates, times, and manner of

25  Amazon Insider Defendants' fraudulent return approvals are identified in Exhibit B.

26      130.    Between at least May 21, 2022, and June 17, 2023, the REKK User Defendants

27  made numerous false representations to Amazon, including but not limited to:  (1) on

AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
(No. 2:23-cv-01879-JLR) - 43

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1  information and belief, providing false statements to Amazon Customer Service and Amazon

2  fulfillment center employees regarding product refunds or replacements, such as claiming to not

3  have received the product(s) ordered, claiming to have received empty boxes, or submitting

4  falsified police reports claiming the product(s) were never received; and (2) on information and

5  belief, manipulating shipping data by refusing delivery of products for false reasons.  The dates,

6  times, and manner of each of the REKK User Defendants' fraudulent returns and false

7  statements are identified in Exhibit A.

8      131.    Between at least May 21, 2022, and June 17, 2023, Amazon Insider Defendants

9  made numerous false representations to Amazon, including but not limited to approving

10  fraudulent returns.  The dates, times, and manner of Amazon Insider Defendants' fraudulent

11  return approvals are identified in Section IV.J and Exhibit B.

12      132.    On information and belief, Defendant Domantas Radeckas made some or all of

13  the fraudulent returns and false representations identified in Exhibit A.

14      133.    On information and belief, Defendant Domantas Radeckas assisted the other

15  REKK Operator Defendants, REKK User Defendants, and Amazon Insider Defendants in

16  making the fraudulent misrepresentations by creating the REKK Telegram channel, posting on

17  the REKK Telegram channel, and recruiting the Amazon Insider Defendants.

18      134.    REKK Operator Defendants' and Amazon Insider Defendants' representations to

19  Amazon, as outlined in Sections IV.I–J and Exhibits A–B, were material.

20      135.    Upon information and belief, REKK Operator Defendants' and Amazon Insider

21  Defendants' representations to Amazon, as outlined in Sections IV.I–J and Exhibits A–B, were

22  knowingly false or made recklessly without knowledge of the truth of the statement.

23      136.    Upon information and belief, REKK Operator Defendants' and Amazon Insider

24  Defendants' representations were made in an effort to mislead Amazon to believe that Amazon

25  customers were requesting valid returns and product replacement requests.  And upon

26  information and belief, it was REKK Operator Defendants' and Amazon Insider Defendants'

27  intent that the misrepresentation should be acted upon by Amazon.

AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
(No. 2:23-cv-01879-JLR) - 44

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

137.     Amazon reasonably and justifiably relied on REKK Operator Defendants' and Amazon Insider Defendants' representations by processing REKK User Defendants' fraudulent refund requests, return requests, and product replacement requests.  Amazon did not know of the falsity of REKK Operator Defendants' and Amazon Insider Defendants' representations.  Had REKK Operator Defendants and Amazon Insider Defendants informed Amazon that each refund request, return request, and product replacement request was fraudulent, Amazon would not have approved such requests.

138.     As a material and direct result of REKK Operator Defendants' and Amazon Insider Defendants' representations, Amazon approved fraudulent refund requests, return requests, and product replacement requests, causing Amazon to suffer damages.

### FOURTH CAUSE OF ACTION

### Conversion

### (Against All Defendants)

139.     Amazon incorporates by reference the factual allegations contained in Sections I–IV as though set forth herein.

140.     At all times applicable to this dispute, Amazon had a right to possess the refunds fraudulently obtained by Defendants reflected in the REKK User Defendants' transaction histories and vouches, identified in Section IV.I.  This amount includes the percentage of the refunds the REKK Operator Defendants and the Amazon Insider Defendants obtained from the REKK User Defendants in exchange for their fraudulent services.

141.     At all times applicable to this dispute, Amazon had a right to possess the replacement products fraudulently obtained by the REKK User Defendants, identified in Section IV.I.

142.     All Defendants willfully obtained fraudulent refunds as reflected in the REKK User Defendants' transaction histories and vouches, identified in Section IV.I.  This amount includes the refunds the REKK Operator Defendants and Amazon Insider Defendants obtained

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

from the REKK User Defendants in exchange for their fraudulent services.  Amazon did not consent to issuing refunds under these fraudulent circumstances.  As a result, all Defendants continue to wrongfully exercise control over the refund amounts issued by Amazon.

143.    The REKK User Defendants willfully obtained fraudulent replacement products as reflected in the REKK User Defendants' transaction histories and vouches, identified in Section IV.I.  Amazon did not consent to providing replacement products under these fraudulent circumstances.  As a result, the REKK User Defendants wrongfully exercised control over the replacement products delivered by Amazon.

144.    Without Amazon's authority, all Defendants have substantially interfered with Amazon's possession of product refunds and replacement products by knowingly or intentionally preventing Amazon from possession of the refund amounts and replacement products.

145.    As a result of Defendant's actions, Amazon has been harmed by the full value of the product refunds and replacement products.  Amazon is entitled to the full value of the product refunds.  Amazon is also entitled to the highest market value of the replacement products between the time of conversion and the date of Amazon's Complaint for Damages and Injunctive Relief.

## **FIFTH CAUSE OF ACTION**

### **Unjust Enrichment**

### **(Against All Defendants)**

146.    Amazon incorporates by reference the factual allegations contained in Sections I–IV as though set forth herein.

147.    REKK Operator Defendants unjustly received benefits in the form of payments from fraudulent refunds received by the REKK User Defendants in exchange for their deceptive services.  REKK Operator Defendants obtained these benefits at Amazon's expense and through their wrongful conduct, which included their interference with Amazon's business relationships and other unfair business practices.  REKK Operator Defendants continue to unjustly retain these

AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
(No. 2:23-cv-01879-JLR) - 46

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1  benefits at Amazon's expense.  It would be unjust for REKK Operator Defendants to retain any

2  value they obtained as a result of their wrongful conduct.

3       148.    The REKK User Defendants unjustly received benefits in the form of fraudulent

4  refunds and replacement products.  The REKK User Defendants obtained these benefits at

5  Amazon's expense and through their wrongful conduct, which included their interference with

6  Amazon's business relationships and other unfair business practices.  The REKK User

7  Defendants continue to unjustly retain these benefits at Amazon's expense.  It would be unjust

8  for the REKK User Defendants to retain any value they obtained as a result of their wrongful

9  conduct.

10       149.    On information and belief, Amazon Insider Defendants unjustly received benefits

11  in the form of payments from REKK Operator Defendants in exchange for their deceptive

12  services.  On information and belief, Amazon Insider Defendants obtained these benefits at

13  Amazon's expense and through their wrongful conduct, which included their interference with

14  Amazon's business relationships and other unfair business practices.  On information and belief,

15  Amazon Insider Defendants continue to unjustly retain these benefits at Amazon's expense.  It

16  would be unjust for Amazon Insider Defendants to continue to retain any value they obtained as

17  a result of their wrongful conduct.

18       150.    REKK Operator Defendants, REKK User Defendants, and Amazon Insider

19  Defendants have been unjustly enriched by their scheme.

20       151.    The actions of the REKK Operator Defendants, REKK User Defendants, and

21  Amazon Insider Defendants damaged Amazon, including but not limited to the time and money

22  spent investigating and mitigating unlawful conduct.

23       152.    As a result, Amazon is entitled to an accounting and restitution from REKK

24  Operator Defendants, REKK User Defendants, and Amazon Insider Defendants consisting of the

25  benefit conferred by the revenues derived from Defendants' wrongful conduct at Amazon's

26  expense and all profits derived from that wrongful conduct.

27

AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
(No. 2:23-cv-01879-JLR) - 47

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

153.    Amazon is entitled to the establishment of a constructive trust consisting of the benefit conferred upon REKK Operator Defendants, REKK User Defendants, and Amazon Insider Defendants by the revenues derived from their wrongful conduct at Amazon's expense and all profits derived from that wrongful conduct.

154.    Amazon is further entitled to full restitution of all amounts by which REKK Operator Defendants, REKK User Defendants, and Amazon Insider Defendants have been unjustly enriched at Amazon's expense.

## SIXTH CAUSE OF ACTION

### In the Alternative, Breach of Contract

### (Against the REKK Operator Defendants and the REKK User Defendants)

155.    Amazon incorporates by reference the factual allegations contained in Sections I–IV as though set forth herein.

156.    The REKK User Defendants entered into Amazon's COU by way of creating their Amazon account or placing orders as described in Section IV.I and Exhibit A.  The REKK User Defendants established a binding and enforceable contract with Amazon and have therefore accepted and at all relevant times were bound by Amazon's COU.

157.    The REKK Operator Defendants, by accessing the REKK User Defendants' Amazon accounts as part of their fraudulent scheme, also established a binding and enforceable contract with Amazon and have therefore accepted and at all relevant times were bound by Amazon's COU.

158.    Amazon fully performed all of its obligations under the COU with the REKK Operator Defendants and the REKK User Defendants or was excused from doing so.

159.    The REKK Operator Defendants materially breached the COU by, among other actions: (1) accessing the REKK User Defendants' accounts; and (2) circumventing Amazon's policies and procedures concerning order refunds and replacements.

AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
(No. 2:23-cv-01879-JLR) - 48

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

160.     The REKK User Defendants materially breached the COU by, among other actions: (1) misusing Amazon Services; and (2) circumventing Amazon's policies and procedures concerning order refunds and replacements.

161.     By allowing the REKK Operator Defendants to access their accounts, the REKK User Defendants are also responsible for all activities that occurred under their account or password per the terms of the COU, as described in Section IV.

162.     The REKK Operator Defendants' and the REKK User Defendants' breaches have caused significant harm to Amazon, and Amazon is entitled to damages in an amount to be determined.

## SEVENTH CAUSE OF ACTION

### Trademark Infringement (15 U.S.C. § 1114)

### (Against the REKK Operator Defendants)

163.     Amazon incorporates by reference the factual allegations contained in Sections I–IV as though set forth herein.

164.     The REKK Operator Defendants' activities infringe the Amazon Trademarks.

165.     Amazon advertises, markets, and distributes its products and services using the Amazon Trademarks and uses them to distinguish their products and services from the products and services of others in the same or related fields.

166.     Because of Amazon's long, continuous, and exclusive use of the Amazon Trademarks, the Amazon Trademarks have come to mean—and are understood by customers, users, and the public to signify—products and services from Amazon.

167.     The REKK Operator Defendants used the Amazon Trademarks in commerce in a manner that was intended or likely to cause, at least initially, confusion, mistake, or deception as to source, origin, or authenticity of the REKK's Telegram channel, REKK's Telegram posts, and REKK's purported services.

168.     Further, the REKK Operator Defendants' activities are likely to lead Amazon's customers to incorrectly believe, at least initially, that REKK's Telegram channel, REKK's

AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
(No. 2:23-cv-01879-JLR) - 49

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

Telegram posts, and REKK's purported services originate with or are authorized by Amazon, thereby harming Amazon.

169.    At a minimum, the REKK Operator Defendants acted with willful blindness to, or in reckless disregard of, their lack of authority to use the Amazon Trademarks and the confusion that the use of the Amazon Trademarks had on consumers as to the source, sponsorship, affiliation, or approval by Amazon of the services purportedly provided by REKK Operator Defendants.

170.    The REKK Operator Defendants are subject to liability, jointly and severally, for the wrongful conduct alleged herein, both directly and under various principles of secondary liability, including without limitation respondeat superior, vicarious liability, and/or contributory infringement.

171.    The REKK Operator Defendants' wrongful conduct includes the use of the Amazon Trademarks, as well as false and misleading statements about or related to Amazon in connection with REKK's commercial advertising or promotion.  Examples of the dates, times, and manner of REKK Operator Defendants' false and misleading statements about or related to Amazon are identified in Section IV.E, such as the use of Amazon's logos posted on Telegram above an advertisement stating that the REKK Operator Defendants provide "AMAZON.COM fast refunds."

172.    The REKK Operator Defendants have used the Amazon Trademarks to cause confusion, mistakes, or to deceive customers.  On information and belief, the REKK Operator Defendants' conduct initially misleads and confuses Amazon customers as to the authenticity of the services advertised, marketed, or offered in connection with Amazon Trademarks, diverting them from Amazon's genuine return process.  For example, Amazon customers may initially believe the REKK Operator Defendants offer legitimate Amazon refund services after reading the statement that the REKK Operator Defendants provide "AMAZON.COM fast refunds."

AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
(No. 2:23-cv-01879-JLR) - 50

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

173.     The REKK Operator Defendants' acts constitute willful false statements in connection with goods and/or services distributed in interstate commerce, in violation of 15 U.S.C. § 1125(a).

174.     As a result of the REKK Operator Defendants' wrongful conduct, Amazon is entitled to recover its actual damages, the REKK Operator Defendants' profits attributable to the infringement, and treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117(a)–(b).  The amount of money due from the REKK Operator Defendants to Amazon is unknown to Amazon and cannot be ascertained without a detailed accounting.  Alternatively, Amazon is entitled to statutory damages under 15 U.S.C. § 1117(c).

175.     Amazon is further entitled to injunctive relief, as set forth in the Prayer for Relief below.  Amazon has no adequate remedy at law for the REKK Operator Defendants' wrongful conduct because, among other things: (a) the Amazon Trademarks are unique and valuable property; (b) the REKK Operator Defendants' infringement constitute harm to Amazon's reputation and goodwill such that Amazon could not be made whole by any monetary award; and (c) if the REKK Operator Defendants' wrongful conduct is allowed to continue through the use of any Amazon Trademarks on DIVO's Telegram channel, the public is likely to become further confused, mistaken, or deceived as to the source, origin, or authenticity of the services being offered by DIVO's Telegram channel and posts.

## EIGHTH CAUSE OF ACTION

**False Designation of Origin, Sponsorship, Approval, or Association, and False Advertising**

**(15 U.S.C. § 1125(a))**

**(Against the REKK Operator Defendants)**

176.     Amazon incorporates by reference the factual allegations contained in Sections I–IV as though set forth herein.

AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
(No. 2:23-cv-01879-JLR) - 51

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

177.     Amazon advertises, markets, and distributes its products and services using the Amazon Trademarks, and it uses these trademarks to distinguish its products and services from the products and services of others in the same or related fields.

178.     Because of Amazon's long, continuous, and exclusive use of the Amazon Trademarks, they have come to mean and are understood by customers, end users, and the public to signify products and services from Amazon.

179.     Amazon has also designed distinctive and aesthetically pleasing displays, logos, icons, and graphic images (collectively, "Amazon designs") for its websites.

180.     The REKK Operator Defendants' wrongful conduct includes the use of the Amazon Trademarks, Amazon's name, or imitation designs (specifically displays, logos, icons, and/or graphic designs virtually indistinguishable from the Amazon designs), and false statements regarding Amazon and its products or services in connection with the REKK Operator Defendants' commercial advertising or promotion.  Examples of the dates, times, and manner of REKK Operator Defendants' false and misleading statements about or related to Amazon are identified in Section IV.C, such as the use of Amazon's logos posted on Telegram above an advertisement that the REKK Operator Defendants provide "AMAZON.COM fast refunds."

181.     The REKK Operator Defendants have used the Amazon Trademarks, Amazon's name, and/or imitation designs in a manner that is intended or likely to cause confusion, to cause a mistake, or to deceive customers.  On information and belief, the REKK Operator Defendants' wrongful conduct initially misleads and confuses Amazon customers as to the origin, approval of, and authenticity of the goods and services advertised, marketed, offered, or distributed in connection with Amazon's Trademarks, name, and imitation visual designs, and wrongfully trades upon Amazon's goodwill and business reputation.

182.     The REKK Operator Defendants' acts constitute willful false statements in connection with goods and/or services distributed in interstate commerce, in violation of 15 U.S.C. § 1125(a).

AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
(No. 2:23-cv-01879-JLR) - 52

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

183.    The REKK Operator Defendants are subject to liability for the wrongful conduct alleged herein, both directly and under various principles of secondary liability, including without limitation respondeat superior, vicarious liability, and/or contributory infringement.

184.    Amazon is further entitled to injunctive relief, as set forth in the Prayer for Relief below.  The REKK Operator Defendants' acts have caused irreparable injury to Amazon.  An award of monetary damages cannot fully compensate Amazon for its injuries, and Amazon lacks an adequate remedy at law.

185.    As a result of the REKK Operator Defendants' wrongful conduct, Amazon is entitled to recover its actual damages, the REKK Operator Defendants' profits, and treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117(a)–(b).  The amount of money due to Amazon is unknown and cannot be ascertained without a detailed accounting by the REKK Operator Defendants.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Amazon respectfully prays for the following relief:

A.    That the Court enter judgment in favor of Amazon on all claims;

B.    That the Court issue an order permanently enjoining all Defendants, their officers, agents, representatives, employees, successors and assigns, and all others in active concert or participation with them from:

      (i)    Making any statement of an affiliation or connection to Amazon in connection with any offer, survey, commercial email, marketing campaign, or website;

      (ii)    Opening, acquiring, or using any Amazon account to order any product or service, and from claiming any refund or concession from Amazon;

      (iii)    Using or interacting with any Telegram, Nulled, Reddit, Discord, or other private channel media platforms, accounts, servers, or channels affiliated with the fraudulent refund scheme;

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

(iv)    Creating any new Telegram, Nulled, Reddit, Discord, or other private channel media platforms, accounts, servers, or channels affiliated with the fraudulent refund scheme; and

(v)     Engaging in any and all of the activity alleged herein, any acts causing any of the injury complained of, and any acts assisting, aiding or abetting any other persons or business entities in engaging in or performing any of the activity complained of herein or from causing any of the injury complained of herein;

C.      That the Court issue an order permanently enjoining the REKK Operator Defendants, their officers, agents, representatives, employees, successors and assigns, and all others in active concert or participation with them from:

(i)     Using the Amazon Trademarks in connection with any offer, survey, commercial email, marketing campaign, or website;

(ii)    Using any other indication of Amazon's brand in connection with any offer, survey, commercial email, marketing campaign, or website; and

(iii)   Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (ii) above;

D.      That the Court enter an order requiring Defendants to provide Amazon a full and complete accounting of all gross and net amounts earned in connection with the scheme alleged in this Complaint;

E.      That Defendants' profits from the unlawful scheme alleged in this Complaint be disgorged pursuant to 15 U.S.C. § 1117(a);

F.      That the Court enter an order requiring Defendants to disgorge the full value of the product refunds pursuant to Washington law or otherwise allowed by law and declaring that Defendants hold in trust, as constructive trustees for the benefit of Amazon, their illegal profits gained from this fraudulent scheme;

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1  G.     That the highest market value of the replacement products between the time of

2  conversion and the date of Amazon's Complaint for Damages and Injunctive Relief be disgorged

3  pursuant to Washington law or otherwise allowed by law;

4  H.     That Defendants, jointly and severally, be required to pay all general, special,

5  actual, and statutory damages which Amazon has sustained or will sustain as a consequence of

6  Defendants' unlawful acts, including for unjust enrichment, and that such damages be enhanced,

7  doubled, or trebled as provided for by 15 U.S.C. § 1117(a)–(b) or otherwise allowed by law;

8  I.      That Defendants be required to pay the costs of this action and Amazon's

9  reasonable attorneys' fees incurred in prosecuting this action, as provided for by 15 U.S.C. §

10  1117 or otherwise allowed by law;

11  J.      That Defendants be required to pay restitution to Amazon in an amount equal to

12  their unjust enrichment; and

13  K.     That the Court grant Amazon such other, further, and additional relief as the

14  Court deems just and equitable.

15  DATED this 13th day of June, 2024.

16  DAVIS WRIGHT TREMAINE LLP
   *Attorneys for AMAZON.COM, INC., AMAZON.COM*
17  *SERVICES LLC, AND AMAZON TECHNOLOGIES,*
   *INC.*

18  By:  *s/ Bonnie MacNaughton*

19       Bonnie MacNaughton, WSBA # 36110
        920 Fifth Avenue, Suite 3300
20       Seattle, WA 98104-1604
        Tel: (206) 622-3150
21       Fax: (206) 757-7700
        Email: bonniemacnaughton@dwt.com
22

23  By:  *s/ Tim Cunningham*

24       Tim Cunningham, WSBA # 50244
        560 SW 10th Avenue, Suite 700
25       Portland, OR 97205
        Tel: (503) 241-2300
26       Fax: (503) 778-5299
        Email: timcunningham@dwt.com

27

AMERICAN COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
(No. 2:23-cv-01879-JLR) - 55

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax