The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., a Delaware corporation, AMAZON.COM SERVICES LLC, a Delaware limited liability company, and AMAZON TECHNOLOGIES, INC., a Nevada corporation,<br><br>Plaintiffs,<br><br>v.<br><br>Does 1-20, unknown parties doing business as "REKK," and the following individuals: Domantas Radeckas, Noah Page, Skylar Robinson, Luke Colvin, Alejandro Taveras, Andrew Ling, Brandon Sukhram, Cosmin Sopca, Jenny Tran, Olaf Booij, and Ryan Bates,<br><br>Defendants. | No. 2:23-cv-01879-JLR<br><br>**PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT DOMANTAS RADECKAS**<br><br>NOTE ON MOTION CALENDAR: FEBRUARY 24, 2025 (LCR 7(d)(1)) |

## I.     INTRODUCTION

Domantas Radeckas ("Defendant") operated a widespread, international refund fraud scheme that abused Amazon's trademark rights as part of a scheme to steal millions of dollars of products from Amazon's online stores. He operated online under the alias "REKK," openly advertising refund services that he acknowledged were fraudulent.

PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT
AGAINST RADECKAS
(2:23-cv-01879-JLR) - 1

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

After waiving service of Amazon's Amended Complaint, Defendant has failed to appear or respond in this case, and the Court entered a default order on February 21, 2025. Amazon moves this court to award a default judgment of $1 million in statutory damages for two trademarks Defendant infringed—for a total damages award of $2 million.[1] *See* Fed. R. Civ. P. 55(b)(2); LCR 55(b). Amazon also seeks entry of a permanent injunction to stop Defendant from further infringing its trademarks.

## II.    FACTUAL BACKGROUND[2]

Defendant exploited Amazon's brand to grow one of the largest organizations in an underground industry offering fraudulent refunds to users. *See generally* Amended Complaint ("Am. Compl.," Dkt. No. 89). Defendant operated a Telegram channel, "REKK," (the "Channel") that had over 30,000 followers, where he brazenly advertised refund services that he admits were fraudulent. *Id*. In this scheme, bad actors who wanted a free product paid REKK a fee to obtain a fraudulent refund. *Id*. On this Channel, Defendant prominently displayed counterfeit versions of Amazon's trademarks to create interest in his refund services. *Id.*; *see also* Declaration of Melina Garcia in Support of Amazon's Motion for Final Default Judgment ("Garcia Decl."), Exs. O-S (declarations of REKK customers detailing their initial interest in the REKK Channel based on the Amazon Trademarks posted on the Channel). Defendant willfully infringed Amazon's trademarks to confuse customers about the legitimacy of his services, then facilitated fraudulent refunds to Amazon on customers' behalf. *Id*. Defendant's scheme tricked Amazon into processing refunds for products that were never returned; instead of returning the products as promised, REKK customers kept the product *and* the refund and Defendant retained a fee for his services. Am. Compl.; Garcia Decl. Exs. O-S. REKK claimed that the organization fraudulently refunded over 100,000 orders from retailers. Am. Compl. ¶ 47.

---

[1] Defendants infringed at least four Amazon Trademarks and received revenue that exceeded $2,000,000. *See* Am. Compl. ¶ 22. Amazon only seeks statutory damages for two of those marks.

[2] On a motion for default judgment, the Court must accept the factual allegations in the complaint as true, with the exception that the movant must prove damages-related facts. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam).

PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT
AGAINST RADECKAS
(2:23-cv-01879-JLR) - 2

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

After waiving service of the Amended Complaint, (Dkt. No. 102), Defendant elected not to defend and the Court entered an order of default on February 21, 2025. Dkt. No. 118.

### III.    ARGUMENT

#### A.    The Court Has Jurisdiction to Enter Default Judgment

The Court has subject matter jurisdiction over Amazon's claim for trademark infringement[3] and personal jurisdiction over Defendant. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) (court must examine jurisdiction).

The Court has subject matter jurisdiction over Amazon's Lanham Act claims under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a), and Defendant's extensive contacts with the United States subject him to this Court's jurisdiction. *See Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 461 (9th Cir. 2007) (citation omitted) (describing exercise of personal jurisdiction over foreign defendant).

Here, Defendant faces a federal claim, Am. Compl. ¶¶ 163-175, while not being subject to general jurisdiction in any state. *Id.* ¶ 11; *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1020 (9th Cir. 2017). And the exercise of personal jurisdiction is consistent with due process because Defendant has "minimum contacts" with the United States. *See Holland*, 485 F.3d at 462; *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1158-59 (9th Cir. 2006).[4] He affirmatively coordinated with Amazon employees in the United States to carry out his scheme, advertised to United States residents and conducted business with them, and stole from Amazon. Am. Compl. ¶¶ 38, 99-102.

#### B.    Amazon Has Proven Its Claim for Trademark Infringement

Defendant using "a mark confusingly similar to a valid, protectable trademark" constitutes infringement. *Brookfield Commc'ns, Inc. v. West Coast Ent. Corp.*, 174 F.3d 1036, 1046 (9th Cir. 1999). Amazon's marks are registered (the "Amazon Trademarks"), Garcia Decl. ¶¶ 2-3 & Exs. A-N, establishing their validity and Amazon's exclusive use right. *Brookfield*, 174

---

[3] Amazon is only pursuing default judgment for its cause of action for Trademark Infringement, 15 U.S.C. § 1114.
[4] Apart from the relevant forum, the due process analysis under Rule 4(k)(2) is "identical" to the due process analysis under Washington's long-arm statute. *See Pebble Beach*, 453 F.3d at 1159; *Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1405 (9th Cir. 1994) (Washington's long-arm statute imposes "no limitations beyond those imposed by due process") (citation omitted).

PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT
AGAINST RADECKAS
(2:23-cv-01879-JLR) - 3

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

F.3d at 1047. REKK intentionally used *exact copies* of the Amazon Trademarks in his Telegram channel to confuse Amazon customers, capitalize on Amazon's reputation and goodwill, and create interest in his refund services over Amazon's legitimate refund services. *See* Am. Compl. ¶¶ 67-78. The Channel displayed several images of the Amazon Trademarks, along with links to the legitimate Amazon.com domain, and offered "AMAZON.COM fast refunds." *See id.* ¶ 49. Amazon customers were drawn to REKK's channels under the initial impression that REKK offered legitimate Amazon return services. *Id.* ¶ 50; Garcia Decl. Exs. O-S.

### C. Amazon Is Entitled to a Default Judgment

To determine a plaintiff's entitlement to default judgment, courts in the Ninth Circuit consider the seven *Eitel* factors described in *Eitel v. McCool*, 782 F.2d 1471-72 (9th Cir. 1986). The factors here weigh heavily in favor of granting default judgment.

#### 1. First Factor: Amazon Is Prejudiced Without a Default Judgment

Amazon will be prejudiced without a default judgment because Amazon has no other legal remedy for Defendant's harm, and no way to prevent Defendant from causing further damage to Amazon, either as REKK or his alter-ego "DIVO." Am. Compl. ¶76; *see POW Nev., LLC v. Connery*, 2018 WL 3956129, at *2 (W.D. Wash. Aug. 17, 2018) (plaintiff would have no legal remedy without default judgment).

#### 2. Second and Third Factors: Amazon's Well-Pleaded Complaint & Supporting Evidence Establish Defendant's Liability

The second and third factors—"often analyzed together"—support a default judgment because Amazon pleaded facts sufficient to prevail. *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014); *PepsiCo Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002). Here, in addition to the well-pleaded allegations in the Amended Complaint, Amazon submits testimony from customers who used Defendant's services, stating they were initially misled by the Amazon Trademarks on Defendant's channel. *See* Garcia Decl. Exs. O-S.

PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT
AGAINST RADECKAS
(2:23-cv-01879-JLR) - 4

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

### 3. Fourth Factor: Defendant's Conduct Warrants the Requested Sum

The fourth factor favors a default judgment because the damages Amazon seeks are authorized by statute and reasonable in light of Defendant's flagrant exploitation of Amazon's refund process; REKK advertised that "refunding is when you buy a product and then trick the company into thinking you have returned the product." Am. Compl. ¶ 47. "[T]he court must consider the amount of money at stake in relation to the seriousness of Defendant[s'] conduct." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1176. Given the availability of statutory damages exceeding $8 million, the amount of profit Defendant likely realized through his scheme, and the evidence of Defendant's willful misconduct,[5] the amount requested favors entry of default judgment.

"[A] plaintiff may recover statutory damages 'whether or not there is adequate evidence of the actual damages suffered by the plaintiff or of the profits reaped by defendant.'" *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1337 (9th Cir. 1990) (citation omitted). In default judgment cases, statutory damages are particularly appropriate "because the information needed to prove actual damages is within the infringers' control and is not disclosed." *Microsoft Corp. v. Nop*, 549 F. Supp. 2d 1233, 1238 (E.D. Cal. 2008) (citation omitted).

In cases of willful infringement, courts consider the need: (1) to <u>compensate</u> the plaintiff for the damage the defendant's actions caused; (2) to <u>deter</u> defendants from violating the trademarks; and (3) to <u>punish</u> defendants for willfully violating the trademarks. *See Philip Morris USA Inc. v. Liu*, 489 F. Supp. 2d 1119, 1124 (C.D. Cal. 2007). "The flagrant nature of defendants' activities underscores the need for a damages award that will deter them from engaging in such conduct in the future."

Here, Defendant's willful conduct warrants the statutory damages Amazon seeks. Defendant's Channel prominently displayed Amazon's Trademarks above links to the legitimate Amazon websites. *Id.* ¶ 49. The entire purpose of Defendant's Channel was to trick customers into believing it was affiliated with Amazon, take advantage of the goodwill associated with the marks, and sell fraudulent refund services to hundreds of thousands of users. *Id.*; s*ee also* Garcia

---

[5] In the default judgment context, allegations of willful conduct are deemed admitted based on the defendant's failure to defend. *See Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008).

PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT
AGAINST RADECKAS
(2:23-cv-01879-JLR) - 5

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

Decl. ¶ O-S (attaching declarations from REKK users describing their initial confusion as to the Amazon Trademarks on the Channel). Based on the scope of Defendant's abuse of the Amazon Trademarks, a $2 million judgment—one quarter of the maximum statutory damage award available—serves to compensate Amazon (at least in part) for the harm caused by Defendant. *See Amazon.com Inc. v. Robojap Techs. LLC*, 2021 WL 5232130, at *3 (W.D. Wash. Nov. 10, 2021) (awarding $5 million as half of maximum statutory damages where defendants infringed five trademarks).

### 4. Fifth Factor: The Facts Are Undisputed

The fifth factor favors a default judgment because default has been entered, eliminating factual disputes. Dkt. No. 118. *Curtis*, 33 F. Supp. 3d at 1212.

### 5. Sixth Factor: Defendant's Failure to Appear Is Inexcusable

The sixth factor supports a default judgment because Defendant waived service of the Amended Complaint, received an extension to respond to the Amended Complaint, and still failed to appear. Dkt. No. 102; 115 ¶ 3. *See Getty Images I*, 2014 WL 358412, at *5 (citation & internal quotation marks omitted); *see also Beck v. Pike*, 2017 WL 530354, at *2 (W.D. Wash. 2017) (sixth factor "nearly always favors entry of default judgment"). Amazon properly served Defendant and there is no evidence of excusable neglect.

### 6. Seventh Factor: The Policy Favoring Decisions on the Merits Is Not Dispositive Where Defendants Failed to Participate In Litigation

District courts have "regularly held that this policy [favoring merits resolution], standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action." *HICA Educ. Loan Corp. v. Warne*, 2012 WL 1156402, at *3 (N.D. Cal. Apr. 6, 2012). Defendant's failure to appear makes a decision on the merits "impractical, if not impossible," and so any preference for deciding cases on the merits "does not preclude a court from granting default judgment." *PepsiCo*, 238 F. Supp. 2d at 1177 (citation & internal quotation marks omitted). Defendant has failed to appear in this case; his own actions prohibit a decision on the

PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT
AGAINST RADECKAS
(2:23-cv-01879-JLR) - 6

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

merits. Accordingly, this factor is outweighed by all the other factors, which all favor default judgment.

### D. Amazon Is Entitled to Injunctive Relief

The Lanham Act authorizes courts to grant injunctive relief "to prevent the violation of any right of the registrant of a mark." 15 U.S.C. § 1116(a). Amazon satisfies each factor necessary for injunctive relief. *See eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006) (listing factors).

First, Amazon has suffered unquantifiable and irreparable harm; Defendant's actions undermined Amazon's substantial investment in its brand and highly trusted customer service and refund process. *See* Am. Compl. ¶ 2. Second, Defendant has demonstrated that he is indifferent to any attempt by Amazon to curb his actions; after Amazon filed the Complaint, REKK initially shut down the Channel, only to re-emerge as a successor refund fraud operation, DIVO. *Id*. ¶¶ 75-76. Third, "Defendants face no hardship in being enjoined from conducting illegal activities[.]" *Rolex Watch*, 2015 WL 9690322, at *8. Meanwhile, without an injunction, Amazon will continue to suffer irreparable harm. Finally, the public has a strong interest in not being confused or deceived by fraudulent and infringing conduct. Am. Compl. ¶ 2. Enjoining Defendant from continuing such harmful schemes is plainly in the public interest.

## IV. CONCLUSION

For the foregoing reasons, Amazon respectfully requests the Court enter a default judgment against Defendant Domantas Radeckas for $2,000,000 and enter the requested injunctive relief.

DATED this 24th day of February, 2025.

                    DAVIS WRIGHT TREMAINE LLP
                    *Attorneys for Plaintiffs*

                  By *s/ Melina Garcia*
                      Bonnie E. MacNaughton, WSBA #36110
                      Tim Cunningham, WSBA #50244
                      Melina E. Garcia, WSBA #58036

PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT
AGAINST RADECKAS
(2:23-cv-01879-JLR) - 7

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

Macaulay W. Ivory, WSBA #57858
Christine N. McFadden, WSBA #60126
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: 206-622-3150
bonniemacnaughton@dwt.com
timcunningham@dwt.com
melinagarcia@dwt.com
macaulayivory@dwt.com
christinemcfadden@dwt.com

*I certify that this memorandum contains 2,075 words, in compliance with the Local Civil Rules.*

PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT
AGAINST RADECKAS
(2:23-cv-01879-JLR) - 8

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

# CERTIFICATE OF SERVICE

I certify that on February 24, 2025 a copy of this pleading was filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record via the court's electronic filing system, and will be sent via Federal Express International mail on February 25, 2025 to:

Domantas Radeckas
A. 24-4 PANEVEZYS
LAISVES 35200
LITHUANIA

*s/ Melina Garcia*
Melina Garcia

PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT
AGAINST RADECKAS
(2:23-cv-01879-JLR) - 9

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax