The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., a Delaware corporation, AMAZON.COM SERVICES LLC, a Delaware limited liability company, and AMAZON TECHNOLOGIES, INC., a Nevada corporation,<br><br>Plaintiffs,<br><br>v.<br><br>Does 1-20, unknown parties doing business as "REKK," and the following individuals: Domantas Radeckas, Noah Page, Skylar Robinson, Luke Colvin, Alejandro Taveras, Andrew Ling, Brandon Sukhram, Cosmin Sopca, Jenny Tran, Olaf Booij, and Ryan Bates,<br><br>Defendants. | No. 2:23-cv-01879-JLR<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT DOMANTAS RADECKAS'S MOTION TO SET ASIDE DEFAULT JUDGMENT** |

PLAINTIFFS' OPPOSITION TO MOTION TO
SET ASIDE DEFAULT JUDGMENT
(2:23-cv-01879-JLR)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ..................................................................................................... 1

II.  FACTUAL AND PROCEDURAL BACKGROUND ....................................................... 2

III. ARGUMENT ............................................................................................................ 5

    A.   Defendant is Culpable for the Default Judgment ...................................... 5

    B.   Defendant Lacks Any Meritorious Defense .............................................. 8

    C.   Amazon Would Be Prejudiced if the Default Judgment Was Set Aside .............. 8

    D.   Defendant's Situation is Not an "Extraordinary Circumstance" .......................... 9

IV.  CONCLUSION ....................................................................................................... 10

PLAINTIFFS' OPPOSITION TO MOTION TO
SET ASIDE DEFAULT JUDGMENT
(2:23-cv-01879-JLR) - i

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104
206.622.3150 main · 206.757.7700 fax

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Bd. of Trs. of Emp. Painters' Tr. v. D&R Glazing, Inc.*,
   2024 WL 3276354 (W.D. Wash. July 2, 2024) ........................................................................8

*Cumis Ins. Soc'y, Inc. v. Advanced Network, Inc.*,
   2007 WL 9776585 (S.D. Cal. July 12, 2007) ..........................................................................9

*Falk v. Allen*,
   739 F.2d 461 (9th Cir. 1984) ....................................................................................................8

*Franchise Holding II, LLC. v. Huntington Rests. Grp., Inc.*,
   375 F.3d 922 (9th Cir. 2004) ................................................................................................5, 8

*Jones v. Phipps*,
   39 F.3d 158 (7th Cir. 1994) ......................................................................................................9

*Studio 010 Inc. v. Digit. Cashflow LLC*,
   2023 WL 6793974 (W.D. Wash. 2023), *recons. denied*, 2024 WL 2274320 (W.D. Wash. May 20, 2024) ........................................................................................................8

*Synopsys, Inc. v. Sunlune Corp.*,
   2025 WL 1474388 (N.D. Cal. May 21, 2025) ..........................................................................6

*Thompson v. Am. Home Assurrance Co.*,
   95 F.3d 429 (6th Cir. 1996) ......................................................................................................8

*United States v. All Funds in Bluffview Sec. Acct., LP*,
   2012 WL 12855582 (C.D. Cal. Nov. 26, 2012), *aff'd sub nom. United States v. Aguilar*, 782 F.3d 1101 (9th Cir. 2015) ......................................................................................6

*United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*,
   615 F.3d 1085 (9th Cir. 2010) ..............................................................................................5, 7

**Rules**

Fed. R. Civ. P. 60(b) ........................................................................................................................5, 9

Fed. R. Evid. 106 ................................................................................................................................7

PLAINTIFFS' OPPOSITION TO MOTION TO
SET ASIDE DEFAULT JUDGMENT
(2:23-cv-01879-JLR) - ii

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

## I. INTRODUCTION

After waiving service of Amazon's Amended Complaint, Defendant Domantas Radeckas ("Defendant") failed to appear or respond in this case, and the Clerk entered a default order on February 21, 2025. On February 25, 2025, the Court entered an order granting Amazon's motion for default judgment ("Default Judgment"), awarding Amazon $2 million in statutory damages for two trademarks Defendant infringed, and entered a permanent injunction to stop Defendant from further infringing its trademarks. Dkt. No. 126. This case was closed that same day.

Over 3 months later, on June 4, 2025, Defendant filed a motion to set aside the Default Judgment ("Motion"), based on alleged excusable neglect and "extraordinary" circumstances, arguing he did not have an opportunity to respond to the Amended Complaint. Dkt. No. 129 at 2. The Court should deny Defendant's Motion for the following reasons.

*First*, Defendant's neglect was culpable—not excusable. Defendant at all times had the ability to access the internet, communicate with Amazon, and respond to the Amended Complaint. He was also represented by sophisticated counsel throughout much, if not all, of this lawsuit. Amazon and Defendant (and often his counsel) were in communication before the answer deadline, after Defendant's arrest and the seizure of his passport, and even after entry of the Default Judgment. His self-serving narrative that he was unable to act due to his arrest is demonstrably false. Nor was Defendant's conduct in good faith. Defendant agreed to cooperate with Amazon fully and truthfully as part of settlement discussions. In reliance on that agreement, Amazon granted an extension of the answer deadline. However, Defendant subsequently and repeatedly lied to Amazon's counsel about material facts. When Amazon learned about Defendant's deception, it terminated the settlement discussions, reminded Defendant about his response deadline, and moved for default when Defendant failed to respond.

*Second*, Defendant fails to present *any* specific facts establishing a meritorious defense (because he has none). Defendant's naked conclusion that he has meritorious defenses is legally insufficient to set aside the default.

PLAINTIFFS' OPPOSITION TO MOTION TO
SET ASIDE DEFAULT JUDGMENT
(2:23-cv-01879-JLR) - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104
206.622.3150 main · 206.757.7700 fax

*Third*, re-opening this case would prejudice Amazon. Contrary to Defendant's assertion that the "case remains in the early stages with respect to Defendant," Dkt. No. 129 at 6, this matter is now closed. Amazon worked diligently to identify Defendant as the John Doe operator of the REKK scheme, resolve or obtain judgments against more than 20 other defendants, and ultimately secure a Default Judgment against Defendant. Defendant had the opportunity to respond to the Amended Complaint but failed to do so, instead engaging in bad faith conduct that delayed resolution.

*Finally*, nothing in this case constitutes "extraordinary circumstances" that warrant setting aside the default judgment. Defendant's arrest did not prejudice his access to counsel or disrupt his ability to appear and defend in this case, and his current Motion—with its demonstrably false narrative and lack of *any* mention of a meritorious defense—is consistent with Defendant's longstanding efforts to obscure his activities and frustrate Amazon's recovery.

The Court should deny Defendant's Motion.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Defendant operated a widespread, international refund fraud operation that abused Amazon's trademark rights as part of a scheme to steal millions of dollars of products from Amazon's online stores. He operated online under the alias "REKK," openly advertising refund services that he acknowledged were fraudulent. Defendant took steps to conceal his identity, which Amazon was only able to uncover after months of third-party discovery and significant investigative effort. After Amazon first named Domantas Radeckas in the Amended Complaint, filed June 13, 2024, Defendant's counsel, a respected and experienced Lithuanian advocate,[1] contacted Amazon in August 2024 to request details on the suit and made clear that "Domantas Radeckas is represented by me, so please send all information and documents directly to me." Declaration of Bonnie MacNaughton in Support of Amazon's Opposition to Set Aside Default Judgment ("MacNaughton Decl.") ¶ 2. Amazon provided waiver of service documents to Defendant's counsel, and Defendant waived service of the Amended Complaint, Dkt. No. 102,

---

[1] *See* https://www.leximum.lt/ekspertas/dr-linas-belevicius/ (last visited June 20, 2025).

PLAINTIFFS' OPPOSITION TO MOTION TO
SET ASIDE DEFAULT JUDGMENT
(2:23-cv-01879-JLR) - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

expressly acknowledging his obligation to defend against Amazon's claims and the consequences for failing to do so. Defendant's counsel then engaged Amazon in an attempt to discuss the potential for settlement. Declaration of Tim Cunningham in Support of Amazon's Opposition to Set Aside Default Judgment ("Cunningham Decl.") ¶ 2. As part of those discussions, counsel for Amazon, Defendant, and Defendant's counsel held two video calls in which Defendant stated his willingness to cooperate and provide truthful information about his involvement in the scheme. Declaration of Melina Garcia in Support of Amazon's Opposition to Set Aside Default Judgment ("Garcia Decl.") ¶ 2. Defendant was actively involved in the discussions, and asked Amazon to include him in all correspondence, which Amazon agreed to do after confirming Defendant's counsel agreed. *Id*. ¶ 3 ("Yes, Domantas Radeckas expressed his will to be directly included in our communication and to receive all the documents. As his representative, I agree with the client's will.").

Counsel for Amazon and Defendant and his counsel had additional discussions; Defendant remained keenly aware of his obligation to timely answer, and sought (and received) Amazon's agreement to extend the response deadline by 30-days. Garcia Decl. ¶ 4. ("As there are only 10 days remaining to respond to the claim, I kindly ask for an update on when the request for an extension of the deadline will be submitted"). The agreed-upon extension moved Defendant's response deadline to January 2, 2025. *Id*. On December 3, 2024, Defendant was arrested by Lithuanian authorities. Motion, Dkt. No. 129 at 2. On December 29, 2024, after Defendant's arrest and several days before the answer deadline, Defendant reached out to Amazon again to continue settlement discussions. Garcia Decl. ¶ 5. In response, Amazon reminded Defendant of his answer deadline ("Your response is due Thursday, January 2nd and we will be in touch once we review your answer/response to Amazon's Amended Complaint.") *Id*. ¶ 6. Amazon did not agree to continue settlement discussions with Defendant because it became aware from press reports on Defendant's criminal proceeding that Defendant was lying to Amazon about a number of material issues. *Id*. ¶ 7. Among other things, Amazon learned that Lithuanian law enforcement seized almost € 5 million in cryptocurrency and over € 700,000 in

PLAINTIFFS' OPPOSITION TO MOTION TO
SET ASIDE DEFAULT JUDGMENT
(2:23-cv-01879-JLR) - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

cash from Defendant's possession in relation to the REKK scheme, key facts Defendant failed to disclose to Amazon.[2]

Defendant failed to respond to the Amended Complaint by the extended deadline of January 2, 2025, or at any time thereafter. Between December 29, 2024, when Amazon's U.S. counsel communicated with Defendant to reiterate his deadline to answer, and January 21, 2025, there were no settlement discussions between Amazon and Defendant, nor did Defendant make any attempt to contact Amazon regarding his arrest or his alleged inability to respond to the Amended Complaint. At no point after Amazon reiterated Defendant's response deadline did Defendant request more time to respond to the Amended Complaint.

Nevertheless, Defendant and his lawyer were in constant contact with Amazon. Defendant himself emailed Amazon's counsel on January 13, 2025, January 27, 2025, January 31, 2025, and February 6, 2025, requesting information about a subpoena Amazon issued pursuant to the expedited discovery order this Court issued. Declaration of Macaulay Ivory in Support of Amazon's Opposition to Set Aside Default Judgment ¶ 2; Dkt. No. 11. And on January 21, 2025, Defendant's counsel met with Amazon's Lithuanian counsel. Garcia Decl. ¶ 8.

On February 14, 2025, Amazon moved for entry of default on against Defendant, Dkt. No. 114, and on February 21, 2025, the Clerk entered an order of default, Dkt No. 118. On February 24, 2025, Amazon moved for entry of default judgment against Defendant, Dkt. No. 120, and on February 25, 2025, the Court ordered the Default Judgment, awarding Amazon $2 million in statutory damages for two trademarks Defendant infringed, and entered a permanent injunction to stop Defendant from further infringing its trademarks. Dkt. No. 126. On April 4, 2025, Defendant emailed counsel for Amazon stating "So now I owe you money? What happens next? Where I can transfer it?" Garcia Decl. ¶ 9. Two months later, on June 4, 2025, Defendant moved to set aside the Default Judgment. Dkt. No. 129.

---

[2] *See* https://prokuraturos.lt/lt/sulaikytas-asmuo-itariamas-is-bendroves-amazon-isviliojes-per-25-mln.-euru/11132 (last visited June 20, 2025); *see also* https://www.delfi.lt/news/daily/crime/sulaikytas-lietuvis-itariamas-is-bendroves-amazon-isviliojes-virs-2-5-milijonu-euru-120095510 (last visited June 20, 2025).

PLAINTIFFS' OPPOSITION TO MOTION TO
SET ASIDE DEFAULT JUDGMENT
(2:23-cv-01879-JLR) - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

### III. ARGUMENT

Under Fed. R. Civ. P. 60(b)(1), a court may set aside a default judgment for "mistake, inadvertence, surprise, or excusable neglect." When a defendant seeks relief under Rule 60(b)(1) based upon "excusable neglect," "a court must consider[ ] three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (alterations in original) (internal quotation marks and citation omitted). "This standard ... is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Id*. The defendant bears the burden of showing that one of the above factors favors setting aside the default. *Franchise Holding II, LLC. v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 926 (9th Cir. 2004). Defendant fails to establish a *single factor* in his favor, so the Court should refuse to set aside the default judgment.

### A. Defendant is Culpable for the Default Judgment

Generally, a defendant's conduct may be considered culpable "[i]f [the] defendant has received actual or constructive notice of the filing of the action and failed to answer." *Franchise Holding II,* 375 F.3d at 926 (internal quotation marks and citation omitted). This standard is applied to Defendants who are legally sophisticated or represented by counsel, "who may be presumed to be aware of the consequences of their actions." *Mesle*, 615 F.3d at 1093 (notice of action received by counsel of company that later tried to set aside the default). Here, despite filing his current motion *pro se*, Defendant was represented by sophisticated counsel in Lithuania both before and after Defendant's arrest. Defendant and his counsel knew the consequences for defaulting, and defaulted anyway, rendering Defendant's conduct culpable.

After filing the Amended Complaint, Amazon was first contacted by Defendant's counsel, ("Domantas Radeckas is represented by me, so please send all information and documents directly to me."), and Amazon provided the waiver of service forms to his counsel,

PLAINTIFFS' OPPOSITION TO MOTION TO
SET ASIDE DEFAULT JUDGMENT
(2:23-cv-01879-JLR) - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

which his counsel confirmed were signed and sent back ("Mr. Radeckas has sent by post a signed waiver to the address provided, you should receive it in nearest days. Then we would like to discuss future procedures and settlement options."). MacNaughton Decl. ¶2; Cunningham Decl. ¶ 2. The wavier form Defendant executed acknowledges: "I … must file and serve an answer or a motion under Rule 12 within … 90 days[.] If I fail to do so, a default judgment will be entered against me." Dkt. 102. During the parties' discussions, which the Defendant was actively involved in, Defendant explicitly referenced the answer deadline in support of a request for an extension ("As there are only 10 days remaining to respond to the claim, I kindly ask for an update on when the request for an extension of the deadline will be submitted."). Garcia Decl. ¶ 4. Both Defendant and his counsel were well aware of the consequences of failing to respond to the Amended Complaint, yet Defendant failed to answer. That makes Defendant culpable and dooms his Motion. *See* Garcia Decl. ¶¶ 2-6; s*ee Synopsys, Inc. v. Sunlune Corp.*, 2025 WL 1474388, at *4 (N.D. Cal. May 21, 2025) (rejecting the defendant corporation's request to be treated as an unsophisticated, unrepresented individual, and holding that even where defendant's in-house counsel was not licensed in the United States, it would not accept the argument that defendant "did not understand the consequences of failing to properly file an answer."); *see also United States v. All Funds in Bluffview Sec. Acct., LP*, 2012 WL 12855582, at *3 (C.D. Cal. Nov. 26, 2012) (rejecting the defendants' argument that the heightened standard should not apply to them, noting "Only in the most unrealistic and formalistic assessment could these claimants be characterized as proceeding pro se.... They were for all practical and functional purposes clearly represented by counsel...." and reasoning that there were multiple communications between government counsel and counsel for defendants regarding the government's filing of the complaint and its plans to move for default judgment) (alterations in original), *aff'd sub nom. United States v. Aguilar*, 782 F.3d 1101 (9th Cir. 2015).

PLAINTIFFS' OPPOSITION TO MOTION TO
SET ASIDE DEFAULT JUDGMENT
(2:23-cv-01879-JLR) - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

Defendant's conduct is also culpable under the heightened standard for an unrepresented litigant.³ "[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *Mesle*, 615 F.3d at 1092 (internal quotation marks and citation omitted). "[T]he term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decision[-]making, or otherwise manipulate the legal process.'" *Id*. (citation omitted).

Defendant claims that he "intended to respond to the amended complaint by the extended deadline of January 2, 2025," but could not because his arrest on December 3, 2024 left him "without access to his devices, legal files, or even communication." Dkt. No. 129 at 4.

This claim is false; Defendant did not lose the ability to communicate as a result of his arrest.⁴ On December 29, 2024, *after* Defendant's arrest and several days *before* the answer deadline, Defendant reached out to Amazon to continue settlement discussions, failing to reference the arrest or ask for an additional extension. Garcia Decl. ¶ 5. Amazon's counsel responded "Your response is due Thursday, January 2nd and we will be in touch once we review your answer/response to Amazon's Amended Complaint." *Id*. at ¶ 6. Moreover, *after* Defendant's arrest and *before* the Clerk's Default was entered, on January 21, 2025, Defendant's counsel met with Amazon's Lithuanian counsel to again raise the potential for settlement. Both before and after Defendant's arrest, and after the answer deadline, Defendant was represented by counsel and communicating with Amazon's counsel. Defendant's claims in his Motion are flatly false. He had every opportunity to communicate with both Amazon and the Court, yet willfully

---

³ Defendant is not unrepresented, and he admits as much, despite lying about when he retained counsel. *Compare* Dkt. No. 129 at 3-4 (stating he retained counsel after his December 2024 arrest), *with* MacNaughton Decl. ¶ 2 (Defendant's counsel introducing himself in August 2024). Nevertheless, because Defendant filed the present motion pro-se, Amazon also discusses the heightened standard.

⁴ Notably, Defendant does not allege he was incarcerated or detained for any period of time. Defendant does attach documents from the Lithuanian government, seemingly pertaining to his "detention" and "passport seizure," (Dkt. No. 129 at 12-48) but did not provide translations for these documents and redacted a majority of the documents. The documents are immaterial, but should the Court rely on them, Amazon requests introduction of the full unredacted documents to properly assess Defendant's claims. Fed. R. Evid. 106.

PLAINTIFFS' OPPOSITION TO MOTION TO
SET ASIDE DEFAULT JUDGMENT
(2:23-cv-01879-JLR) - 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

chose silence as a tactic. His assertion to the contrary is not just misleading, it is a deliberate lie designed to interfere with the judicial process and wrongfully obtain a second bite at the apple.

Furthermore, Defendant is culpable for his failure to respond to the claims in this case because instead of responding to the Complaint, he attempted to reach a civil settlement with Amazon in order to evade criminal liability. While doing so, Defendant engaged in bad faith negotiations with Amazon and lied repeatedly to Amazon's counsel about material facts. Amazon believes Defendant's bad faith tactic was motivated by the possibility that, under Lithuanian criminal procedure, a civil settlement with a victim can influence prosecutors' decisions on whether to pursue criminal charges. Garcia Decl. ¶ 10.

### B. Defendant Lacks Any Meritorious Defense

Defendant claims, without support, that he can "ultimately present a meritorious defense." Dkt. No. 129 at 5. "To justify vacating the default judgment, however, [Defendant] had to present … ***specific facts*** that would constitute a defense." *Franchise Holding II*, 375 F.3d at 926 (emphasis added) (citing *Madsen v. Bumb*, 419 F.2d 4, 6 (9th Cir. 1969)). Defendant does not. Instead, he offers only a conclusory statement that he *could* present a defense. A "'mere general denial without facts to support it'" is not enough to justify vacating a default judgment. *Id.*; *see also, e.g.*, *Studio 010 Inc. v. Digit. Cashflow LLC*, 2023 WL 6793974, *2 (W.D. Wash. 2023) (denying *pro se* motion to set aside where defendant "asserts he has meritorious defenses to Plaintiff's claims, but does not identify those defenses in his motion or provide facts to support them"), *recons. denied*, 2024 WL 2274320 (W.D. Wash. May 20, 2024); *Bd. of Trs. of Emp. Painters' Tr. v. D&R Glazing, Inc.*, 2024 WL 3276354, *3 (W.D. Wash. July 2, 2024) (denying *pro se* motion to set aside default where "the Court is unable to discern a meritorious defense").

### C. Amazon Would Be Prejudiced if the Default Judgment Was Set Aside

To be prejudicial, "[t]he standard is whether [plaintiff's] ability to pursue his claim will be hindered." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984); *see also Thompson v. Am. Home Assurrance Co.*, 95 F.3d 429, 433–34 (6th Cir. 1996) (to be considered prejudicial, "the delay

PLAINTIFFS' OPPOSITION TO MOTION TO
SET ASIDE DEFAULT JUDGMENT
(2:23-cv-01879-JLR) - 8

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion").

Amazon would be prejudiced if the Default Judgment was set aside because Defendant's conduct suggests that he has the intention to manipulate the legal process of this case and will not meaningfully engage in this litigation. Defendant was not only dishonest during negotiations with Amazon, but also misrepresented his ability to respond to the Amended Complaint. He mocked the proceedings by sending Amazon an email after the Default Judgment was entered asking "Where [to] transfer" the $2 million. Garcia Decl. ¶ 9. Defendant now claims, without justification, that he can now present a "meritorious defense." Dkt. No. 129 at 5. Defendant's actions demonstrate his intention to manipulate the legal process of this case.

### D.   Defendant's Situation is Not an "Extraordinary Circumstance"

Defendant also alleges that his "foreign criminal arrest" represents an "extraordinary" circumstance and the Court should therefore set aside the Default Judgment under Rule 60(b)(6), which permits the Court to vacate a judgment for "any other reason that justifies relief." Dkt. No. 129 at 5.

Defendant offers no authority supporting the idea that an arrest constitutes extraordinary circumstances, and Amazon is aware of none. Defendant does not contend that he was incarcerated, but even if he did, incarceration—even when current at the time of a response deadline (which is not the case here)—does not constitute good cause to set aside a default judgment. *See Cumis Ins. Soc'y, Inc. v. Advanced Network, Inc.*, 2007 WL 9776585, at *1 (S.D. Cal. July 12, 2007) (citing *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994)). In *Jones*, the defendant raised her incarceration as one reason to set aside a default judgment, but the court rejected that argument. On appeal, the Seventh Circuit stated "neither simple incarceration nor lack of legal counsel on the particular matter at issue, by themselves, provide the requisite good cause for defaulting." *Id*. The court explained that setting aside a default for this reason "would tear Rule 60(b) relief from its roots of 'extraordinary relief,'" and would result in a holding "which we are simply unwilling to accept." *Id*. at 164.

PLAINTIFFS' OPPOSITION TO MOTION TO
SET ASIDE DEFAULT JUDGMENT
(2:23-cv-01879-JLR) - 9

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

Here, Defendant attempts to meet his burden by relying on his arrest and seizure of his devices and passport. However, this circumstance does not warrant the relief he seeks. Defendant fails to explain why he did not respond after his arrest, while apparently having access to his email and an attorney for assistance with his defense.

Defendant also grossly overstates the impact of having his passport seized, claiming, incorrectly, that without it, he lacked access to his Smart-ID and Mobile Signature and was therefore unable to perform any "digital tasks or authenticate his identity online." Dkt. No. 129 at 4. This is not accurate. In Lithuania, Smart-ID and Mobile Signature are widely used digital identity tools that allow individuals to securely authenticate their identity and sign documents online, akin to electronic signature systems under the U.S. ESIGN Act.[5] While Defendant may have been unable to authenticate or sign documents electronically, his claim that he was wholly unable to perform any digital tasks is plainly contradicted by his own conduct: he sent multiple emails to Amazon after his arrest. And of course, none of the tasks necessary to appear and defend in this Court would have required Defendant to access his Lithuanian Passport or Smart-ID. Indeed, Defendant filed the current Motion by mail, which did not require digital authentication or a secure electronic signature. He offers no reason why he refused to file an answer in the identical manner.

### IV.    CONCLUSION

For the reasons stated above, Amazon respectfully requests the Court to deny Defendant's Motion.

DATED this 20th day of June, 2025.

DAVIS WRIGHT TREMAINE LLP
*Attorneys for Amazon*

By  *s/ Tim Cunningham*
   Bonnie E. MacNaughton, WSBA #36110
   Tim Cunningham, WSBA #50244
   Melina E. Garcia, WSBA #58036

---

[5] *See* https://www.sproof.com/en/digital-sign-with-sproof-sign/integrated-trust-service-provider/smart-id (last accessed June 20, 2025); *see also* https://www.eideasy.com/supported-methods/lithuanian-mobile-id#:~:text=About,smart%20cards%20and%20card%20readers (last accessed June 20, 2025).

PLAINTIFFS' OPPOSITION TO MOTION TO
SET ASIDE DEFAULT JUDGMENT
(2:23-cv-01879-JLR) - 10

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104
206.622.3150 main · 206.757.7700 fax

|   |   |
|---|---|
| 1 | 920 Fifth Avenue, Suite 3300 |
|   | Seattle, WA  98104-1610 |
| 2 | Telephone: 206-622-3150 |
|   | Email:   bonniemacnaughton@dwt.com |
| 3 |          timcunningham@dwt.com |
|   |          melinagarcia@dwt.com |
| 4 |   |
|   | I certify that this memorandum contains |
| 5 | 3,573 words, in compliance with the Local Civil Rules. |

PLAINTIFFS' OPPOSITION TO MOTION TO
SET ASIDE DEFAULT JUDGMENT
(2:23-cv-01879-JLR) - 11

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104
206.622.3150 main · 206.757.7700 fax