UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., et al.,<br><br>                  Plaintiffs,<br><br>  v.<br><br>DOES 1-20, et al.,<br><br>                  Defendants. | CASE NO. C23-1879JLR<br><br>ORDER |

Before the court is *pro se* Defendant Domantas Radeckas's motion to strike Plaintiffs' opposition to his motion to set aside the default judgment entered against him on February 25, 2025.[1] (Mot. (Dkt. # 136); *see* Pls. Opp. Br. (Dkt. # 130); Radeckas Def. J. Order (Dkt. # 126); Judgment (Dkt. # 128).) Mr. Radeckas asserts that his motion to set aside the default judgment was actually a motion for reconsideration of the default

---

[1] The court considers Mr. Radeckas's motion before its noting date in accordance with Federal Rule of Civil Procedure 1, which instructs courts to construe the Federal Rules "to secure the just, speedy, and inexpensive determination of every action and proceeding[.]"

ORDER - 1

judgment order. (*See* Mot. at 1-2.) As a result, according to Mr. Radeckas, Plaintiffs' opposition brief violates Local Civil Rule 7(h)(3)'s prohibition against filing a response to a motion for reconsideration absent a court order. (*See id.* (citing Local Rules W.D. Wash. LCR 7(h)(3)).)

The court denies Mr. Radeckas's motion to strike. First, Mr. Radeckas characterized his motion to set aside the default judgment as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b), rather than as a motion for reconsideration of a prior order. (*See generally* Mot. for Relief (Dkt. # 129)); *see* Local Rules W.D. Wash. LCR 7(h)(2) ("A motion for reconsideration shall be plainly labeled as such."). Second, if the court were to construe Mr. Radeckas's motion to set aside the default judgment as a motion for reconsideration, it would summarily deny the motion as untimely. *See* Local Rules W.D. Wash. LCR 7(h)(2) ("A motion for reconsideration shall be plainly labeled as such."). Second, if the court w ("The motion shall be filed within fourteen days after the order to which it relates is filed."). The court presumes that Mr. Radeckas would rather have the court consider his motion to set aside the default judgment on its merits.

For the foregoing reasons, the court DENIES Mr. Radeckas's motion to strike Plaintiffs' opposition brief (Dkt. # 136).

Dated this 26th day of June, 2025.

JAMES L. ROBART
United States District Judge

ORDER - 2