UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DOES 1-20, et al.,<br><br>Defendants. | CASE NO. C23-1879JLR<br><br>ORDER |

## I. INTRODUCTION

Before the court is *pro se* Defendant Domantas Radeckas's motion to set aside the default judgment this court entered against him on February 25, 2025. (Mot. (Dkt. # 129); *see* Def. J. Order (Dkt. # 126); Judgment (Dkt. # 128).[1]) Plaintiffs Amazon.com, Inc., Amazon.com Services, LLC, and Amazon Technologies, Inc. (together, "Amazon") oppose Mr. Radeckas's motion. (Resp. (Dkt. # 130).) The court has reviewed the

---

[1] Mr. Radeckas did not file a reply in support of his motion.

parties' submissions, the relevant portions of the record, and the governing law. Being fully advised, the court DENIES Mr. Radeckas's motion.

## II. BACKGROUND

This matter arises from Amazon's investigation of an "international fraud organization" which Amazon alleged was "responsible for stealing millions of dollars of products from Amazon's online stores through systematic refund abuse." (Compl. (Dkt. # 1) ¶ 1.) The organization, called REKK, was "one of the largest organizations in an underground industry that offers fraudulent refunds to users." (*Id.* ¶ 3.)

Amazon filed its original complaint in this action on December 7, 2023, against 27 named Defendants and 20 unknown Doe Defendants. (*Id.* ¶¶ 10-36.) Shortly thereafter, the court granted Amazon's motion to expedite discovery for the purpose of identifying the Doe Defendants. (12/20/23 Order (Dkt. # 11).) During 2024, Amazon served most of the named Defendants and obtained default judgments against or settlements with those Defendants. (*See generally* Dkt.)

On June 13, 2024, Amazon filed an amended complaint in which it identified Mr. Radeckas, who resided in Lithuania, as the principal operator of REKK. (Am. Compl. (Dkt. # 89) ¶¶ 1, 3, 9-11.) Mr. Radeckas's Lithuanian counsel[2] contacted Amazon's counsel in August 2024 to request more information about the case. (MacNaughton Decl. (Dkt. # 131) ¶ 2; *id.*, Ex. A (email from Mr. Radeckas's counsel to counsel for Amazon).) On September 16, 2024, Mr. Radeckas agreed to waive service. (Waiver

---

[2] Mr. Radeckas's attorney has not appeared in this case. (*See generally* Dkt.)

1   (Dkt. # 102); *see also* Cunningham Decl. (Dkt. # 133) ¶ 2, Exs. A-B (emails regarding

2   waiver); Radeckas Decl. (Dkt. # 129-1) ¶ 2.)  The parties then began to discuss the

3   possibility of settlement.  (*See* Cunningham Decl. ¶ 2.)  Mr. Radeckas was personally

4   involved in the settlement discussions and asked Amazon to include him in all

5   correspondence.  (Garcia Decl. (Dkt. # 134) ¶¶ 2-3; *see also id.* ¶ 3, Ex. A.)  Mr.

6   Radeckas asserts that he engaged in these settlement discussions in good faith and

7   provided information and data to Amazon.  (Radeckas Decl. ¶ 3.)  Amazon subsequently

8   agreed to extend Mr. Radeckas's deadline to answer or respond to the amended complaint

9   to January 2, 2025.  (Garcia Decl. ¶ 4, Ex. C; Radeckas Decl. ¶ 4.)

10       Mr. Radeckas was arrested by Lithuanian authorities on December 3, 2024.

11   (Radeckas Decl. ¶ 5.)  According to Mr. Radeckas, the authorities informed him that the

12   arrest was based on a criminal referral made by Amazon.  (*Id.*)  Mr. Radeckas states that

13   he was detained and lost access to his electronic devices, including computers and

14   phones.  (*Id.* ¶ 6.)  He does not specify when he was released from detention.  (*See*

15   *generally id.*)

16       On December 29, 2024, Mr. Radeckas reached out to Amazon to continue

17   settlement discussions.  (Garcia Decl. ¶ 5.)  In response, Amazon reminded Mr. Radeckas

18   of the January 2, 2025 deadline to answer or respond to the amended complaint.  (*Id.* ¶ 6,

19   Ex. D (December 29-30 email thread between Mr. Radeckas and counsel for Amazon).)

20   Amazon states that it did not agree to continue the settlement discussions because it had

21   learned from Mr. Radeckas's criminal proceedings that he had lied to Amazon "about a

22   number of material issues."  (*Id.* ¶ 7.)  Mr. Radeckas did not answer or respond to the

amended complaint by the January 2, 2025 deadline, or anytime thereafter. (*See generally* Dkt.) Mr. Radeckas was, however, otherwise in contact with Amazon between January 13, 2025, and February 6, 2025; and Mr. Radeckas's counsel met with Amazon's counsel on January 21, 2025, to again raise the possibility of settlement. (Ivory Decl. (Dkt. # 132) ¶ 2, Exs. A-D (emails from Mr. Radeckas); Garcia Decl. ¶ 8.)

The court granted Amazon's motion for entry of default against Mr. Radeckas on February 21, 2025. (Def. Mot. (Dkt. # 114); Entry of Def. (Dkt. # 118).) Amazon moved for entry of default judgment against Mr. Radeckas on February 24, 2025, and the court granted that motion on February 25, 2025. (Def. J. Mot. (Dkt. # 120); Def. J. Order.) The court awarded Amazon $2,000,000 for Mr. Radeckas's infringement of two of its trademarks and entered a permanent injunction to prevent Mr. Radeckas from further infringing Amazon's trademarks. (Def. J. Order at 2-3.)

On April 4, 2025, Mr. Radeckas sent an email message to Amazon's attorney in which he said, "Hello. So now I owe you money? What happens next? Where can I transfer it?" (Garcia Decl. ¶ 9, Ex. E.) Mr. Radeckas filed his motion to set aside the default judgment two months later, on June 4, 2025. (Mot.) That motion is now fully briefed and ready for decision.

### III.    ANALYSIS

Mr. Radeckas argues that the court must set aside the default judgment entered against him pursuant to Federal Rule of Civil Procedure 60(b)(1), which enables the court to set aside a judgment for "mistake, inadvertence, surprise, or excusable neglect," or Federal Rule of Civil Procedure 60(b)(6), which enables the court to set aside a judgment

for "any other reason that justifies relief." (*See generally* Mot.); *see also* Fed. R. Civ. P. 55(c) ("The court may . . . set aside a final default judgment under Rule 60(b).")  He asserts that his December 2024 arrest justifies relief from the default judgment under both rules. (*Id.*)  Amazon counters that the court must deny Mr. Radeckas's motion because he has failed to satisfy the requirements of either rule. (*See generally* Resp.)  Below, the court first considers whether Mr. Radeckas has satisfied Rule 60(b)(1) and then considers whether he has satisfied Rule 60(b)(6).

**A.     Rule 60(b)(1)**

Rule 60(b)(1) provides that a final judgment may be set aside for "mistake, inadvertence, surprise, or excusable neglect[.]" Fed. R. Civ. P. 60(b)(1); *see also United States v. Aguilar*, 782 F.3d 1101, 1105 (9th Cir. 2015) (applying Rule 60(b) in considering a motion to set aside default judgment).  In considering whether to vacate a default judgment under Rule 60(b)(1), courts consider three "good cause" factors: (1) whether the defendant's culpable conduct led to the default; (2) whether the defendant has a meritorious defense; or (3) whether reopening the default judgment would prejudice the plaintiff. *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (citation omitted).  These factors are disjunctive. *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988).  "Hence, a finding that the plaintiff will be prejudiced, *or* that the defendant lacks a meritorious defense, *or* that the defendant's own culpable conduct prompted the default is sufficient to justify the district court's refusal to vacate a default judgment." *Id.* (emphasis in original).  As discussed below, the court denies Mr. Radeckas's motion because Mr. Radeckas's conduct was culpable and he has

failed to demonstrate that he has a meritorious defense. As a result, the court need not consider whether Amazon would suffer prejudice if the court granted Mr. Radeckas's motion. *See Aguilar*, 782 F.2d at 1109.

### 1. Culpable Conduct

Where the defendant is "a legally sophisticated entity or individual," the "defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *Mesle*, 615 F.3d at 1092 (citations omitted) (emphasis in original). "When considering a legally sophisticated party's culpability in a default, an understanding of the consequences of its actions may be assumed, and with it, intentionality." *Id.*

Mr. Radeckas argues that he is not culpable because he intended to answer the complaint by January 2, 2025, but was arrested and detained on December 3, 2024. (Mot. at 4.) He asserts that his unexpected arrest constitutes a surprise under Rule 60(b)(1), particularly because Amazon initiated the criminal referral. (*Id.* at 4.) He further asserts that his failure to timely answer constitutes excusable neglect because he was without access to his devices and legal files and could not speak to his attorney. (*Id.* at 5.) He also contends that he "took prompt action" to address the default once he had the ability to do so. (*Id.*)

The court, however, agrees with Amazon that Mr. Radeckas's conduct was culpable. (*See* Resp. at 5-6.) Mr. Radeckas and his attorney are legally sophisticated and were well aware of the January 2, 2025 deadline to answer or respond to the amended complaint. (*See, e.g.*, Waiver (Mr. Radeckas acknowledging that he "must file and serve

an answer or a motion" before the deadline or "a default judgment will be entered against" him); Garcia Decl. ¶ 4, Ex. B (email from Mr. Radeckas acknowledging the original deadline was approaching and requesting an extension).)  Because Mr. Radeckas and his attorney are legally sophisticated, they are presumed to understand the consequences of failing to answer the amended complaint.  *Ses Mesle*, 615 F.3d at 1093.  Therefore, the court takes Mr. Radeckas's failure to timely answer or respond as intentional and finds that Mr. Radeckas was culpable in his default.  *See Synopsys, Inc. v. Sunlune Corp.*, No. 24-cv-00220-BLF, 2025 WL 1474388, at *4 (N.D. Cal. May 21, 2025) (finding the defendant's argument that it "did not understand the consequences of failing to properly file an answer" "border[ed] on the frivolous" because the defendant was represented by counsel).  As a result, Mr. Radeckas cannot demonstrate that he is entitled to relief under Rule 60(b)(1).

        2.     <u>Meritorious Defense</u>

Even if Mr. Radeckas was not culpable, he would not be entitled to relief because he has identified no meritorious defenses.  To satisfy the meritorious defense factor, the defendant must "allege sufficient facts that, if true, would constitute a defense" to the plaintiff's claim.  *Aguilar*, 782 F.3d at 1107.  Here, although Mr. Radeckas says that he "can ultimately present a meritorious defense[,]" (Mot. at 5), he says nothing about what that defense might be and does not allege any facts to support the defense.  Because Mr. Radeckas has failed to satisfy the meritorious defense prong of the "good cause" test, the court declines to set aside the default judgment under Rule 60(b)(1).

**B.     Rule 60(b)(6)**

Rule 60(b)(6) authorizes the court to set aside the entry of default judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).  To justify relief under Rule 60(b)(6), the movant must demonstrate "extraordinary circumstances which prevented or rendered him unable to prosecute [his] case." *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002) (internal quotation and citation omitted).  More specifically, the movant must "demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the prosecution or defense of the action in a proper fashion." *Id.* (citation omitted).

Mr. Radeckas contends that his arrest and detention constitute extraordinary circumstances justifying relief under Rule 60(b)(6). (Mot. at 5-6.)  The court disagrees.  Mr. Radeckas does not state how long he was detained, but at minimum, it is clear that he had access to email and legal files by no later than December 29, 2024, and was able to send email messages to Amazon's counsel regarding a subpoena Amazon issued in this case by January 13, 2025.  (Garcia Decl. ¶ 6, Ex. D; Ivory Decl. ¶ 2, Exs. A-D.)  Mr. Radeckas's attorney even met with Amazon's counsel on January 21, 2025.  (Garcia Decl. ¶ 8.)  At no point, however, did Mr. Radeckas acknowledge his failure to answer the complaint or request a further extension of the January 2, 2025 deadline.  Because the court cannot conclude that Mr. Radeckas's arrest and detention was an extraordinary circumstance that prevented him from answering the complaint, the court denies Mr. Radeckas's request for relief under Rule 60(b)(6).

ORDER - 8

## IV. CONCLUSION

For the foregoing reasons, the court DENIES Mr. Radeckas's motion to set aside the default judgment (Dkt. # 129).

Dated this 7th day of July, 2025.

JAMES L. ROBART
United States District Judge